## ADELAIDE SPENCER v. THE STATE.

Where a woman was indited for *crim. con.* with a man, the declarations of the seducer are but hearsay evidence, and should not be admitted.

The seducer is not a competent witness against the woman seduced.

APPEAL from Brazoria.   The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

Adelaide Spencer, a freed woman, was indicted for fornication with one Churchill.

When evidence of what Churchill said about it was offered the accused objected, but the objection was overruled. Mainly on this evidence the negress was convicted.   She appealed.

*Munsen & Garnett*, for appellant.— The evidence was but hearsay.   Even had Churchill been sworn, his evidence ought to have been excluded.   (Simmons v. Simmons, 13 Tex., 468.)

No brief for the state has been furnished to the *Reporter*.

LINDSAY, J.—The plaintiff in error was indicted for the alleged offense of fornication. The charge was that she had had illicit carnal intercourse with one William P. Churchill. The only proof adduced to establish her guilt was the testimony of two witnesses, who stated that they had heard the said William P. Churchill say that he had visited the plaintiff in error at night; from which the inference was drawn by the jury that a meretricious connection had taken place between them. Under the rules of law this was but hearsay evidence, and ought to have been excluded from the jury. Besides, William P. Churchill himself, a *particeps criminis* in the offense charged, if he had been offered as a witness, should not have been permitted to testify to his own shame and dishonor in order to secure a conviction of the victim of his own guilty amours. The judgment of the court is

REVERSED.