STATE OF OREGON, Respondent, v. WILLIAM SPEN-
CER, Appellant.

INDICTMENT FOR PERJURY — WHEN OFFICER BEFORE WHOM FALSE OATH
    WAS TAKEN NEED NOT BE NAMED IN.—In an indictment for perjury al-
    leged to have been committed by a witness in the trial of a civil action
    in the circuit court, it is sufficient to allege that the oath was taken in
    that court, without designating the officer by whom it was administered.
ACT CONSTITUTING THE CRIME, HOW STATED.—The manner of stating the
    act constituting the crime, as set forth in the appendix to the code, is
    sufficient in all cases where the forms there given are applicable.

APPEAL from Wasco County.

The facts are stated in the opinion of the court.

*P. C. Sullivan*, for appellant.

*L. B. Ison, Prosecuting Attorney*, for respondent.

By the Court, PRIM, C. J.:

This was a criminal action for perjury, brought by the
state of Oregon against William Spencer in the circuit
court of Wasco county. Said Spencer was charged in the
indictment with having committed the crime of perjury by
swearing willfully false as a witness at the trial of a civil
action for damages, pending in said court between one Mc-
Corkle and himself. Said Spencer having been tried and
found guilty of said crime as charged in said indictment,
and a motion for a new trial and arrest of judgment having
been interposed and overruled by the court, an appeal has
been taken to this court. The matters contained in the mo-
tion for a new trial having been addressed to the sound dis-
cretion of the court below are not urged here; but it is
insisted that the court erred in refusing to sustain the mo-
tion in arrest of judgment. This part of the motion is
based upon the ground that facts stated in the indictment
do not constitute the crime of perjury in this, because it
does not state by whom the appellant was sworn in the trial
wherein the perjury is alleged to have been committed.

The indictment alleges that appellant was duly sworn in
the circuit court of Wasco county, state of Oregon, to tes-

tify as a witness in the trial of a civil action pending therein between one McCorkle and himself, and that said court then and there had authority to administer said oath. It also contains a statement of the matter alleged to have been sworn to by said appellant, together with the further allegation that said matter was material to the action and willfully false.

The criminal code provides that: "In an indictment for perjury it is sufficient to set forth the substance of the controversy or matter in respect to which the crime was committed, and in what court or person before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with proper allegations of falsity of the matter on which the perjury is alleged." (Crim. Code, 351, sec. 87.)

The indictment alleges that the oath was taken in the circuit court for Wasco county, state of Oregon, which is in strict compliance with the case just cited. The circuit court is a court of record and has a clerk, and when a witness comes into that court to testify as a witness in the trial of an action, he may be sworn either by the judge or by the clerk, and when so sworn it may be alleged that the oath was taken in the circuit court; and the court may admit evidence, under such an allegation, to prove that the oath was administered either by the judge presiding at the trial, or by the clerk. But if the oath in which perjury was assigned had been administered by the clerk in some outside matter, then it would have been necessary to allege that it was taken before the clerk. It is further provided by our criminal code, that "the manner of stating the act constituting the crime, as set forth in the appendix to this code is sufficient in all cases where the forms there given are applicable." (Crim. Code, 350, sec. 71.) The indictment in this action appears to have been copied by the pleader from a form found in the appendix to the code, on page 460, and under the provisions contained in the sections referred to in this opinion, we think is sufficient in law.

The judgment of the court below is affirmed.