## STATE v. LEE YAN YAN.

INDICTMENT—LARCENY.—It is sufficient, in an indictment for larceny under sec. 552 of the criminal code, to allege that the defendant "feloniously took and carried away" the personal property therein described, without employing the word "steal" in any form.

CRIMINAL ACTION—PRESUMPTION.—Where the bill of exceptions does not purport to give all the evidence introduced or facts proven upon the trial of a criminal action, and the correctness of an instruction given the jury can only be determined by reference to facts proven on the trial, the appellate court will presume that such evidence was given and such facts established as justified the instruction given.

APPEAL from Jackson County.

*J. W. Whalley*, for appellant.

*P. P. Prim*, for respondent.

By the Court, WATSON, C. J.:

The indictment in this case charges that the defendant "feloniously took and carried away" the personal property therein described. The appellant objects to its sufficiency because the word "stole" is omitted. We cannot see any merit in this objection. Sec. 79 of the crim. code declares that the "words used in a statute to define a crime need not be strictly pursued in the indictment, but other words conveying the same meaning may be used." In sec. 552 of the crim. code, under which this indictment was found, the word "steal" is manifestly used in the sense of to commit larceny. Besides, sec. 71 of the crim. code provides that "the manner of stating the act constituting the crime, as set forth in the appendix to this code, is sufficient in all cases where the forms there given are applicable, and in other cases forms may be used as nearly similar as the nature of the case will permit." The indictment here is in exact conformity with form 11 in said appendix. Nor are we aware that it has ever been held that the mere omission of the word "steal" is fatal in an indictment for larceny. Abbott says in regard to the meaning of this term: "To steal is the verb employed as meaning to commit larceny; and stealing, when used as a noun is equivalent to and interchangeable with larceny, though less technical, and hence

liable to be found in connections where the context shows an intended deviation from the strict sense." (Abb. Law Dic., vol. 2, p. 503.) The omission of this word has been held not a fatal defect in such cases. (*Damewood* v. *The State*, 1 How., [Miss.] 262; *Engleman* v. *The State*, 2 Ind., 91.)

The second and only remaining objection made by appellant is, in substance, that the indictment is for larceny under said sec. 552, and the instructions given by the court below on the trial were only applicable to crimes under that section, while the proofs introduced on the trial disclosed the fact that the larceny occurred in a dwelling house, and was therefore governed by the provisions of the succeeding section 553. This objection cannot be considered here for the simple reason that the bill of exceptions does not purport to give all the evidence introduced or facts established on the trial, and we are bound to presume that such other evidence, if necessary, was given, and facts proven, as fully warranted the instructions complained of. This has long been the established practice of this court, and we have no inclination to change it. The judgment is therefore affirmed.

Judgment affirmed.