[Filed March 4, 1890.]

## STATE OF OREGON, Respondent, v. AH LEE, Appellant.

Appendix to Code—Criminal Procedure.—An indictment which contains every allegation mentioned in the form given in the appendix to the Criminal Code for such crime, is sufficient.

Evidence—Hearsay.—In the trial of a criminal case, it is not competent for the prosecution to introduce hearsay evidence; and when it becomes material to prove the time when a Chinese row occurred in the city of Portland, it was not competent for the prosecution to ask a car driver, who was shown to have been in a distant part of the city at the time, if he heard of the row in Chinatown on that trip; nor can he be permitted to state where he was when he first heard of the row.

Hearsay.—Hearsay, in its legal sense, denotes that kind of evidence which does not derive its value solely from the credit to be given to the witness himself, but rests also in part on the veracity and competency of some other persons.

Time when Crime of Perjury Committed—Variance.—In prosecutions for perjury, the common law rule seems to be that the time when the crime was committed must be truly alleged in the indictment, and proved as laid. Whether section 1274 has changed that rule, *quere?*

Appeal from the circuit court for Multnomah county.

The defendant was convicted of the crime of perjury, from which judgment he has appealed. The indictment, after averring that a criminal charge was pending before the police judge of the city of Portland against one Pon Long, wherein this defendant was duly called and sworn as a witness, and that certain questions became and were material, which are fully set out in the indictment, pro-

ceeds as follows: "The said Ah Jo, so sworn as aforesaid, then and there on said hearing falsely, corruptly, wilfully, knowingly and maliciously before said court and magistrate did depose and say among other things in substance and to the effect the following, that is to say: "That the said Pon Long was engaged in the row which took place in China Town on the second day of December, 1888, and that the said Pon Long was present on and in the neighborhood of Second and Alder streets, county of Multnomah and State of Oregon, at the time that one Ah Lung was shot, and that Pon Long had assaulted the said Ah Lung with a revolver pistol, charged and loaded with gunpowder and leaden balls, and that the said Pon Long inflicted a dangerous wound upon the said Ah Lung; whereas, in truth and in fact, the said Pon Long was not engaged in a row which took place in China Town on the second day of December, A. D. 1888; and whereas, in truth, the said Pon Long was not present on Second and Alder streets, nor was he in the neighborhood of Second and Alder streets, in said city of Portland, county and State aforesaid, at the time said Ah Lung was shot; and whereas, in truth and in fact, the said Pon Long had not assaulted the said Ah Lung with a revolver pistol, charged and loaded with gunpowder and leaden ball, nor had he assaulted him at all or in any manner; and whereas, in truth and in fact, the said Pon Long did not inflict a dangerous or any wound upon said Ah Lung, all of which facts the said Ah Jo then and there well knew, and the said false statements made so upon oath by the said Ah Jo were material to the questions and matters then and there being inquired into before the said magistrate, and the said Ah Jo did then and there and thereby commit wilful and corrupt perjury. The defendant was indicted by the name of Ah Jo. The other facts appear in the opinion.

*W. H. Adams,* for Appellant.

*H. E. McGinn,* District Attorney, for the State.

STRAHAN, J.—Upon the argument here, three points were insisted upon by the appellant's counsel: First, error in the court below in overruling the demurrer to the indictment; second, error in admitting hearsay evidence; third, a variance between the evidence and the indictment.

1. The objection to the indictment will first be considered. It is that it is not alleged in the indictment that the defendant *knew* that the testimony given by him was false. Much of the learning found in the books in reference to the sufficiency of an indictment for the crime of perjury, and the particularity requisite in such cases, has been rendered inapplicable by the provisions of the Code of Criminal Procedure. Section 1270, Hill's Code, provides: "The manner of stating the act constituting the crime as set forth in the appendix to this Code, is sufficient in all cases where the forms there given are applicable, and in other cases forms may be used as nearly similar as the nature of the case will permit." It has been several times held by this court that this appendix was a part of the Code, and that the forms of indictments therein set forth were sufficient in all cases where they are applicable. *State* v. *Dodson,* 4 Or. 64; *State* v. *Spencer,* 6 Or. 152; *State* v. *Brown,* 7 Or. 186; *State* v. *Lee Yan Yan,* 10 Or. 365, and it must not be overlooked that *State* v. *Spencer, supra,* was upon a charge of perjury. All the forms of indictments given in the appendix referred to are very concise and brief. The substance of the one for perjury is as follows: "On his examination as a witness duly sworn to testify the truth in the trial of an action at law, in the court of ———, between C. D., plaintiff, and E. F., defendant, which court had authority to administer said oath, he testified falsely that (stating the facts alleged to be false) the matters so testified to being material, and the testimony being wilfully false." It will be observed that this form does not require the averment used in common law, indictments immediately succeeding the assignments of perjury, to-wit: "All of which statements made by the said J. S. the said J. S. then and there well knew to be false." Wharton's

Precedents of Indictments, § 577. It is true the pleader undertook to follow the common law form, and probably intended to use the exact phraseology contained in the precedent; but, by oversight, varied the language thus: "All of which facts the said Ah Jo then and there well knew." This averment, or any equivalent for it, might have been omitted entirely, and still the indictment would have been sufficient under our Code. It is not intended by this to suggest that knowledge of the falsity of the matters sworn to is eliminated from this crime. If such knowledge was a necessary ingredient of the crime before the enactment of the Code, it is so still. The Code has wrought no change in the substance of the crime. It has only abolished useless forms. Under the Code this is not a matter of averment, but one of proof. The indictment is therefore sufficient.

2. The next assignment of error arises on the ruling of the court in the admission of evidence. One W. H. Adams was called as a witness on behalf of the State, and testified in substance that on the second day of December last he was driving a street car on Third street; that his regular drive was on the line running up Morrison street to Ninth; up Ninth to Montgomery, and up Montgomery; and that about one o'clock, in the changes that were made for dinner, he drove the car out Third street, and that the time of leaving Caruthers street, in the upper end of the city, was twenty-five minutes past one, and that he left there within a minute or two of that time. That on that trip down, Pon Long got into the car at Caruthers street, with two other Chinamen, and rode with him on his car down to Third and Morrison streets; that he arrived at Morrison street thirty-five minutes past one, and that his time of getting there did not vary more than two minutes from that time. The district attorney then asked him if he heard of the row in China Town on that trip, to which question an exception was taken, and answered that he did. The district attorney then asked this witness to state where he was when he first heard of the row, to which an

exception was also taken, and he answered, about Market street.

The objects of this evidence manifestly was to prove that Pon Long could not have been present at the time Ah Lung was shot, thus negativing Ah Lee's evidence given before the magistrate. If this evidence was competent it was of the highest importance. It tended to prove that Pon Long could not have been present at the row, and therefore did not shoot Ah Lung. That was the very fact which the State was bound to prove to secure Ah Lee's conviction. But it is objected that this report, which the car driver heard as he came down the street, was not competent, because it was hearsay. "The term hearsay," says Mr. Greenleaf, § 99, " is used with reference to that which is written, as well as that which is spoken, and in its legal sense it denotes that kind of evidence which does not derive its value solely from the credit to be given to the witness himself, but rests, also, in part on the veracity and competency of some other person." Nothing can be plainer than what this car driver heard about the China row falls exactly within this definition. He had no knowledge of the fact himself. He was testifying to a fact that some person, not a party to this action, communicated to him. The person who gave him that information would not have been allowed to testify to the fact that he did communicate it, had he been present in court. The fact would have been *res inter alias acta*, and inadmissible for that reason. How, then, can it be claimed to be competent where the statement is removed still one step farther from the person who first repeated it? No authority has been cited to support such a rule as is relied upon by the district attorney, and it is believed that none exists. Numerous authorities might be cited which lay down a different rule: *Belverman* v. *State*, 16 Tex. 130; *Reeves* v. *State*, 7 Tex. 276; *Spencer* v. *State*, 31 Tex. 64; *Sneed* v. *State*, 4 Tex. 514; *People* v. *Hinchman*, 42 N. W. Rep. 1006; *Nuckalls* v. *State*, 11 S. W. Rep. 646; but it seems useless to collate or recite authorities on a principle of law so

purely elementary. The law does not sanction or permit rumors or reports, however well authenticated, to be introduced. If the fact to which they relate becomes material, it may be proven, not by showing that some person reported it, or narrated it, but by the introduction of a witness who knows such fact and can testify concerning it. What the jury might have done without this evidence, it is not our province to inquire. It is sufficient for us to know that the evidence was not competent, and that its introduction might have injured the prisoner. I think the better rule in criminal cases is, that where improper evidence is admitted the legal intendment ought to be that it did injure the prisoner, unless the record itself affirmatively shows the contrary, which could only occur in rare instances.

3. The next objection is that there is a fatal variance between the indictment and the evidence offered by the State as to the *time* when the alleged false oath was taken and the evidence given upon which the perjury is assigned. The indictment alleges that the defendant was sworn and testified in the police court on the tenth day of December, A. D. 1888. Judge Tanner, of the police court, testified that the defendant was sworn as a witness before him on the fourteenth day of December, A. D. 1888. The memorandum made by Judge Tanner at the time of Ah Lee's evidence, and used by him when on the stand to refresh his memory, stated that the case of Pon Long was heard on the eleventh day of December, 1888. E. H. Peery, the short-hand reporter in the police court, testified that Ah Lee was examined as a witness in the police court on the twelfth day of December, 1888. In each of these cases, as soon as it appeared from the evidence that Ah Lee testified in the police court on a different day from that alleged in the indictment, counsel for the prisoner objected to all of the evidence given by each of said witnesses or that they should be permitted to relate what took place in the police court on a day other than that alleged in the indictment, but their objections were overruled, to which exceptions

XVIII. OR.—35.

were duly taken. The general rule is that the time of the commission of an offense· laid in an indictment is not material and does not confine the proofs within the limits of that period and the indictment will be satisfied by proof of an offense on any date anterior to the finding. Whartons Cr. Ev., § 103. But it is said there are several exceptions to this rule. Wherever deeds, bills of exchange, bank notes or promisory notes, of any kind whatever, are set forth it is essential that the *date*, if stated, should correspond with the evidence. Where, also, any time stated in an indictment is to be proved by a matter of record, a variance will be fatal. Thus an indictment for perjury the time when the crime was committed must be truly stated. Wharton's Cr. Ev., § 103*a*. Several other authorities seem to indicate the same rule. *U: S.* v. *Bowman,* 2 Wash. cc. Rep. 328; *U. S.* v. *McNeal,* 1 Gallison, 387; *Commonwealth* v. *Monahan,* 9 Gray, 119; *State* v. *Oppenheimer,* 41 Tex. 82; *People* v. *Parsons,* 6 Cal. 487; *McMurray* v. *State,* 6 Ala. 324. Whether section 1274, Hill's Code, has changed or abrogated this rule *query.* As to ·this we do not deem it absolutely necessary to express an opinion at this time.

For the errors already referred to the judgment of the court below must be reversed and a new trial awarded.