[Crim. No. 144.   Department One.—May 28, 1896.]

THE PEOPLE, APPELLANT, v. MARTHA DUNLAP, RESPONDENT.

CRIMINAL LAW—PERJURY—INDICTMENT—SWEARING OF DEFENDANT—POSITIVE AVERMENT REQUIRED.—An indictment for perjury which contains no positive averment that the defendant was sworn, and that the person who administered the oath had authority therefor, is insufficient; and it is not enough that that fact may be supplied by intendment, or implication, or be stated argumentatively, or by way of recital or inference from the language of the indictment.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.   V. A. GREGG, Judge.

The facts are stated in the opinion of the court.

*W. F. Fitzgerald*, Attorney General, *C. N. Post*, Deputy Attorney General, and *Henry E. Carter*, Deputy Attorney General, for Appellant.

The clearness, distinctness, and certainty as to act, actors, and circumstances contemplated by sections 950–52, 958–60, and 1258 of the Penal Code are only such as will satisfy the common understanding, and not such as will exclude the possible conclusions of the artistic intellect. (*People* v. *Kelly*, 59 Cal. 372; *People* v. *Murphy*, 39 Cal. 53; *People* v. *Williams*, 35 Cal. 671; *Peo-*

*ple* v. *White,* 34 Cal. 183; *People* v. *Rodriguez,* 10 Cal. 50;
*People* v. *Dolan,* 9 Cal. 576; Pen. Code, sec. 966; *People* v.
*Ah Sing,* 95 Cal. 654; *People* v. *Rozelle,* 78 Cal. 84; *Stough-*
*ton* v. *State,* 2 Ohio St. 562; *People* v. *Goggins,* 80 Cal.
229; *People* v. *Bennett,* 37 N. Y. 117; 93 Am. Dec. 551.)
The indictment in this case is in substance in the lan-
guage of the statute defining perjury, and is therefore
sufficient. (Pen. Code, sec. 118; *People* v. *Cronin,* 34
Cal. 208; *People* v. *White,* 34 Cal. 186; *People* v. *Parsons,*
6 Cal. 487; *People* v. *Olivera,* 7 Cal. 403; *People* v. *Dolan,*
*supra; People* v. *Garcia,* 25 Cal. 533; *People* v. *Phipps,* 39
Cal. 326; *People* v. *Potter,* 35 Cal. 114; *People* v. *Girr,* 53
Cal. 629.) The indictment sufficiently charges the ad-
ministration of an oath to defendant by the assessor, as
it charges that he did just what section 3629 of the
Political Code directs him to do: Exact a statement, un-
der oath, from defendant. (*People* v. *Rogers,* 81 Cal. 209;
*People* v. *Forney,* 81 Cal. 118; *People* v. *Keeley,* 81 Cal.
210; *People* v. *Rozelle, supra; People* v. *Fowler,* 88 Cal. 136;
*People* v. *Russell,* 81 Cal. 616; *People* v. *Mahlman,* 82 Cal.
585; *People* v. *Savercool,* 81 Cal. 650; *People* v. *Naylor,* 82
Cal. 608; *People* v. *Tonielli,* 81 Cal. 275; *People* v. *Edson,*
68 Cal. 549; *People* v. *Markham,* 64 Cal. 157; 49 Am.
Rep. 700; *People* v. *Kelly,* 59 Cal. 372.)

*Graves & Graves,* and *Wilcoxon & Bouldin,* for Re-
spondent.

The rule that an indictment is sufficient which is
substantially in the language of the section of the Penal
Code defining perjury is qualified by the fundamental
principle in criminal procedure, that the accused must
be apprised by the indictment, with reasonable cer-
tainty, of the nature of the accusation against him, to
the end that he may prepare his defense, and plead the
judgment as a bar to any subsequent prosecution for
the same offense. (*People* v. *McKenna,* 81 Cal. 158, 160;
*People* v. *Neil,* 91 Cal. 465; *People* v. *Lee,* 107 Cal. 477;
*People* v. *Ward,* 110 Cal. 369.) The indictment is bad,
as it does not show positively that any oath was ever

administered to defendant by any officer. It must allege before what court or officer the false oath was taken. (Pen. Code, sec. 966.)

Harrison, J.—The defendant was indicted for perjury in making a false statement of her property to the county assessor of the county of San Luis Obispo. A demurrer to the indictment was sustained, and the people have appealed from the judgment entered thereon.

Without considering all the objections made to the sufficiency of the indictment, the failure to state therein that the defendant was sworn, or took an oath before any person authorized to administer the same, was a sufficient ground for sustaining the demurrer. The indictment states that the defendant appeared before Charles O. King, the county assessor, and said King, as such assessor, "then and there exacted and required of said Martha Dunlap a statement, under oath," of the property owned by her on the first Monday in March, 1895; that thereupon before said King, who was then the county assessor and "had authority to administer such oath," the said Martha Dunlap "did then and there willfully, corruptly, falsely, and feloniously testify, declare, depose, swear, and certify" (giving the facts to which she made oath, and negativing their truth). Although it is stated in the indictment that the defendant "well knew that said statement and oath were false, fraudulent, untrue, and was a statement of material matter," and were "in a case in which said oath was by law properly administered," and "after having taken an oath that she would testify truly," she "willfully, falsely, and contrary to such, oath corruptly and feloniously swore and testified to said false and material facts, as aforesaid," it is nowhere stated that she was sworn, or that an oath was in fact administered to her, or that she took any oath whatever; and, although it is stated that the assessor exacted from her a "statement under oath," and "had authority to administer an oath," and that her statement was before him "in a case in which said

oath was properly administered," it is not stated that the assessor, or any other person, did in fact administer an oath to her.

It is requisite to the sufficiency of an indictment that it shall state every fact and circumstance which is essential to constitute the offense charged, and that the statement of every such fact and circumstance be direct and positive. The want of such direct and positive statement cannot be supplied by any intendment or implication, and, if stated merely argumentatively, or by way of recital or inference, it is insufficient.

In an indictment for perjury it must appear that the defendant was sworn, and that the person who administered the oath to him had authority therefor. This is apparent from the definition of the offense (Pen. Code, sec. 118), and also from the provisions in section 966, which direct that there be set forth in an indictment for perjury " in what court and before whom the oath alleged to be false was taken, and that the court or the person before whom it was taken had authority to administer it." Under a similar statute in New Hampshire it was held that an indictment which charged that the defendant " made and subscribed in open court, the said court then and there having competent and sufficient authority to administer an oath to said defendant, falsely, willfully, and knowingly the following false and corrupt oath" (setting forth the matter sworn to), was insufficient, for failure to allege that the defendant was sworn. (State v. Divoll, 44 N. H. 140.) In the opinion in that case reference is made to various authorities in which forms of indictment for perjury are given, all of which contain in some form the allegation that the defendant was sworn. The same ruling was made in United States v. McConaughy, 33 Fed. Rep. 168. (See, also, 2 Bishop's Criminal Procedure, sec. 912; Wharton's Criminal Law, sec. 1287.)

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.