Decided 17 October, 1904.

## STATE *v.* WOOLRIDGE.

[78 Pac. 333.]

PERJURY — INFORMATION — CHARGING AUTHORITY TO ADMINISTER OATH.

1. Under B. & C. Comp. § 1321, providing that in an information for perjury it is sufficient to set forth in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, an information stating that the person before whom the statements in question were made was "empowered and authorized by law to take depositions and evidence, and to administer oaths to witnesses in said county, and particularly to do said things and to so act with reference to said W. in said cause," sufficiently states that the clerk had authority to administer oaths in the proceeding in which the perjury is assigned.

INFORMATION FOR PERJURY — CHARGING ADMINISTERING OF THE OATH.

2. A statement in an information for perjury that defendant appeared before the clerk of the court to have her deposition taken in a certain cause, and was then and there duly sworn in the said cause, sufficiently alleges that an oath was administered to the defendant.

PERJURY — CHARGING MATERIALITY OF TESTIMONY.

3. In an information for perjury charged to have been committed by denying on oath in a deposition certain statements attributed to her in a newspaper article, a charge that defendant, being sworn, did, in a matter material to a civil cause growing out of the publication of her alleged statements, falsly and corruptly swear, sufficiently shows the materiality of her evidence.

ORAL PROOF OF PERJURY IN UNWRITTEN DEPOSITION.

4. Although the statutes require that a deposition shall be in writing and signed by the party giving it, oral testimony as to the statements made by deponent is admissible where the deposition was not reduced to writing, or, if written, was not signed, the perjury being in the false statements and not in the writing of them.

PERJURY — PAROL PROOF OF CONTENTS OF STENOGRAPHIC DEPOSITION.

5. On a prosecution for perjury in giving a deposition, parol evidence is admissible to show the testimony given, although it was taken by a stenographer, and the extended notes are not shown to have been lost or destroyed.

WAIVING IRREGULARITIES IN TAKING DEPOSITIONS.

6. Notwithstanding B. & C. Comp. § 826, authorizing the taking of depositions in certain instances, a deposition may be lawfully taken without any proof of the existence of the facts required by statute, if both parties are present, and raise no question as to the regularity of the proceeding, so that a person may be guilty of perjury in making a deposition under such circumstances.

From Multnomah: JOHN B. CLELAND, Judge.

Frankie Woolridge appeals from a conviction of perjury.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Berryman M. Smith* to this effect.

I. The indictment does not show that the county clerk had any authority to administer the oath to defendant in said proceeding of Roberts against the publishing company. The authority to swear a witness during a trial is a very different thing from authority to administer an oath in proceeding to take a deposition out of court, and in the latter case his authority must be stated. The following cases are in point on principle: *State* y. *Spencer*, 6 Or. 152; *State* v. *Ah Lee*, 18 Or. 540 (23 Pac. 424); *State* · v. *Shupe*, 16 Iowa, 36 (85 Am. Dec. 485, 496); *United States* v. *Curtis*, 107 U. S. 671; *United States* v. *Perdue*, 4 Fed. 897; *United States* v. *Howard*, 37 Fed. 666; *United States* v. *Manion*, 44 Fed. 800; *United States* v. *Redgood*, 49 Fed. 54; *United States* v. *Garcelon*, 82 Fed. 611.

II. In a special proceeding where the authority to administer the oath depends upon the existence of certain facts, these must be proved: *McGregor* v. *State*, 1 Ind. 232; *People* v. *Howard*, 111 Cal. 655 (44 Pac. 342).

III. It must be alleged and proved that the testimony alleged to be false was material to a stated issue in the case. The statement here is only by way of recital, whereas it should be direct: *State* v. *Witham*, 6 Or. 366; *Collins* v. *State*, 78 Ala. 433; *People* v. *McCormick*, 8 Cal. 289, 291; *People* v. *Jones*, 123 Cal. 299, 302; *Commonwealth* v. *Knight*, 12 Mass. 273 (7 Am. Dec. 72); *People* v. *Fox*, 25 Mich. 492, 496; *State* v. *Faulknor*, 175 Mo. 546, 616; *Gandy* v. *State*, 23 Neb. 436, 448; *State* v. *Kalyton*, 29 Or. 375, 379; *United States* v. *Shin*, 14 Fed. 447, 453; Bishop, Crim. Law (2 ed.), §§ 1030, 1031.

IV. The statement deposed to is not an oath until it is read to and subscribed by the witness: B. & C. Comp. §§ 826, 836, 837, 838, and 840.

V. Contradictory statements are not substantive evidence to prove any fact in issue, but can be used only to affect the credibility of the witness: *State* v. *Buckley*, 18 Or. 228 (22 Pac. 838); *Langford* v. *Jones*, 18 Or. 307 (22 Pac. 1064).

VI. The statutory provisions as to the taking of depositions must be strictly followed: 1 Rice, Evidence, 694; 6 Am. & Eng. Enc. Law, 582, note 4; *Wilson* v. *Campbell*, 33 Ala. 249, 254 (70 Am. Dec. 586); *Elgin* v. *Hill*, 27 Cal. 373; *Eddleman* v. *Gilmore*, 75 Ill. 357, 369; *Looker* v. *Looker*, 46 Mich. 68, 69; *Patterson* v. *Wabash, St. Louis, etc. R. Co.* 54 Mich. 91, 100; *Duncan* v. *Mutual Ins. Co.* 50 N. Y. 332.

For the State there was a brief over the name of *Andrew M. Crawford*, Attorney General, *John Manning*, District Attorney, and *Gustavus C. Moser*, with an oral argument by *Mr. Moser*.

MR. CHIEF JUSTICE MOORE delivered the opinion.

The defendant, Frankie Woolridge, was convicted of the crime of perjury, and appeals from the judgment which followed.

1. Her counsel contends that the information on which she was tried does not state facts sufficient to constitute a crime. The information charges that on October 29, 1903, one John Roberts commenced an action in the Circuit Court of the State of Oregon for Multnomah County against the Oregonian Publishing Company, a corporation, to recover the sum of $10,000 as damages for an injury to his reputation, claimed to have been sustained by reason of the publication in the *Evening Telegram*, a newspaper printed at Portland and circulated in Oregon, of an alleged malicious defamation of himself, consisting of certain remarks concerning him, attributed to the defendant herein, the entire complaint being set out in the information.

This then follows:

"That thereafter, and on the 5th day of November, 1903, the defendant, Frankie Woolridge, appeared before one F. S. Fields, who was then and there duly appointed, qualified, and acting county clerk of Multnomah County, Oregon, and *ex officio* clerk of the Circuit Court of the State of Oregon for Multnomah County, and duly empowered and authorized by law to take depositions, testimony, and evidence in said county, and to administer oaths to witnesses in said county, and particularly to do said things and to so act with reference to said defendant, Frankie Woolridge, in said cause hereinbefore mentioned, to give evidence and testimony as a witness in said cause, and to have her deposition taken by said F. S. Fields, clerk of the said court and county, as aforesaid, to be used upon the trial of said cause; and that then and there and on said date of November 5, 1903, in said Multnomah County and State of Oregon, then and there being, said Frankie Woolridge appeared before said F. S. Fields, clerk of said court and county, as aforesaid, and was then and there duly sworn by said officer of said court and county to testify the truth, the whole truth, and nothing but the truth in said cause then and there pending in the Circuit Court of the State of Oregon for Multnomah County wherein said John Roberts was plaintiff and said Oregonian Publishing Company, a corporation, was defendant."

Then follows a charge that the defendant herein, in a matter material to the action hereinbefore mentioned, falsely, wilfully, feloniously, and corruptly deposed, declared, and swore, setting out her alleged statements under oath, and averring wherein they were false, and that she well knew that the testimony so declared, given, and deposed by her as being true was then and there false, contrary, etc.

It is argued by defendant's counsel that, the information having stated that Fields, the county clerk, was "authorized by law to take depositions, testimony, and evidence in said county, and to administer oaths to witnesses in said county, and particularly to do said things and to so act with reference to said defendant, Frankie Woolridge, in said cause hereinbefore mentioned," is an averment that he was empowered to administer oaths in the Circuit Court of the State of Oregon for the County of Multnomah, of which he was *ex officio* clerk, and not an allegation of his authority to administer an oath in the proceeding in which the perjury is assigned. "The oath," says a text-writer, discussing the crime of perjury, "must be taken before a person having competent authority to administer it; otherwise the false statement would be no offense": 3 Archbold, Crim. Pr. & Pl. (Waterman's Notes), 594. An indictment for perjury must allege that the officer administering the oath was authorized to do so: *People* v. *Dunlap*, 113 Cal. 72 (45 Pac. 183), and if it fails in this respect it is fatally defective: *State* v. *Owen*, 73 Mo. 440. The statute prescribing the mode of alleging the facts constituting the crime of which the defendant was convicted is as follows: "In an indictment for perjury or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the crime was committed, and in what court, or before whom, the oath alleged to be false was taken, and that the court or person

before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter upon which the perjury is assigned; but the indictment need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury is committed": B. & C. Comp. § 1321. The form of an indictment for perjury recommended by the legislative assembly of this State is as follows:

"On his examination as witness, duly sworn to testify the truth, in the trial of an action at law in the court of —— between C. D., plaintiff, and E. F., defendant, which court had authority to administer said oath, he testified falsely, that (stating the facts alleged to be false), the matters so testified being material, and the testimony being wilfully false: 1 B. & C.Comp., Form No. 18, p. 752.

In *State* v. *Ah Lee*, 18 Or. 540 (23 Pac. 424), on the trial of a defendant for perjury, it was held that an indictment which contains every allegation mentioned in the form given in the appendix to the Criminal Code for such crime was sufficient. The forms thus prescribed have been held sufficient in other cases: *State* v. *Dodson*, 4 Or. 64; *State* v. *Brown*, 7 Or. 186; *State* v. *Wintzingerode*, 9 Or. 153; *State* v. *Lee Yan Yan*, 10 Or. 365. In *State* v. *Spencer*, 6 Or. 152, in an indictment for perjury alleged to have been committed by the defendant as a witness in a civil action tried in the circuit court of this State, it was held that the averment that the false oath was taken in such court, without designating the officer by whom it was administered was sufficient. Mr. Chief Justice Prim, speaking for the court, in distinguishing the mode of alleging the necessary facts in other cases, said: "But if the oath in which perjury was assigned had been administered by the clerk in some outside matter then it would have been necessary to allege that it was taken before the clerk." To the same effect is the case

of *State* v. *Ah Lee*, 18 Or. 540 (23 Pac. 424), which was also an indictment for perjury. In *McGregor* v. *State*, 1 Smith, (Ind.) 179, it was held that an indictment for perjury founded on an oath taken before the clerk of a circuit court of Indiana should show that the oath was one which the clerk was authorized to administer. In the case at bar the information having alleged the facts hereinbefore stated respecting Fields' authority to administer an oath to the defendant and to take her deposition sufficiently states that he was empowered by law to do so.

2. It is insisted that the information does not state that an oath was in fact administered to the defendant in the proceeding before the clerk. The transaction in the presence of Fields was the taking of her deposition to be used in the action mentioned, and, in our opinion, the averment that "Frankie Woolridge appeared before said F. S. Fields, clerk of said court and county, as aforesaid, and was then and there duly sworn by said officer in said court to testify the truth, the whole truth, and nothing but the truth in said cause then and there pending in the Circuit Court of the State of Oregon for Multnomah County wherein the said John Roberts was plaintiff and said Oregonian Publishing Company, a corporation, was defendant," sufficiently states that an oath was administered to her by Fields.

3. It is maintained that the information does not allege that the testimony given by the defendant was material to any issue in the cause in which the deposition was taken. The statute regulating the mode of securing written declarations under oath is as follows: "The testimony of a witness in this State may be taken by deposition, in an action at law, at any time after the service of summons, or the appearance of the defendant; and in a special proceeding after a question of fact has arisen therein, in the following cases: * * (2) When the witness's resi-

dence is such that he is not obliged to attend in obedience to a subpœna, as provided in section 807; (3) when the witness is about to leave the county and go more than twenty miles beyond the place of trial; (4) when the witness, otherwise liable to attend the trial, is nevertheless too infirm to attend": B. & C. Comp. § 826. The information stating "that said Frankie Woolridge, then and there being in said Multnomah County, and being then and there so sworn, as aforesaid, in a matter material to said cause, did falsely, wilfully, feloniously, and corruptly depose, declare, and swear," etc., is a sufficient averment of the materiality of her testimony, for, if she had admitted the statements imputed to her, as published in the newspaper, her testimony would necessarily have tended to mitigate the damages sought to be recovered ; but if she denied, as the information alleges, that she made such remarks concerning the plaintiff in that action, her deposition would have tended to aggravate the measure of the recovery ; so that in either case her testimony, by reason of the provisions of the statute quoted, was material, though no issue was joined by the filing of an answer: 2 Roscoe, Crim. Ev. (8 ed.), *849; State v. Norris, 9 N. H. 96.

4. It is contended by defendant's counsel that the court erred in permitting Fields as a witness for the State to answer the following question : "State to this jury what, if anything, the defendant, Frankie Woolridge, at the time she was sworn by you, as aforesaid, as a witness, on the 5th day of November, 1903, in the cause of John Roberts against the Oregonian Publishing Company, said as to whether or not she had a conversation with W. F. Kiernan, Sally White, Reporter Hill, or Patrolman Goltz, or either of them, at or about the hour of half past ten o'clock or eleven o'clock on October 8, 1903, at the police station in the City of Portland, with reference to her having been out carousing and drinking with Special Officer Jack Rob-

erts from early Monday morning until late in the afternoon." An objection was interposed thereto on the ground that, if Fields was commissioned to take her deposition, it must have been in writing, and subscribed by her, and, if completed in this manner, her declaration under oath was the best evidence of the testimony given, and hence secondary evidence thereof was inadmissible, unless it was first made to appear that the deposition was lost, or could not be secured. The bill of exceptions, in noting the ruling of the court on this objection, contains the following statement: "It thereupon appearing to the court that said testimony given by said Frankie Woolridge before said Fields had never been extended from the stenographer's notes, and had not been signed by the said Frankie Woolridge, nor returned to the clerk of the circuit court, the objection was overruled, and an exception allowed." It is argued that the defendant's testimony should have been reduced to writing; that the oath was not complete until this was done, and the written declaration read over to or by her, affording her an opportunity to make any corrections therein, and to subscribe her name thereto ; that the subscription is an essential part of the description of the offense, without which perjury cannot be assigned ; and that parol evidence was not admissible to prove the contents of what should have been in writing. A deposition is a written declaration under oath, made upon notice to the adverse party, for the purpose of enabling him to attend and cross-examine : B. & C. Comp. § 816. The deposition shall be written by the officer taking the same, or by the witness, or by some disinterested person, in the presence and under the direction of such officer. When completed, it shall be read to or by the witness, and subscribed by him. Before subscribing it, the witness shall be allowed, if he desire it, to correct or explain any statement in the deposition ; but such statement, al-

though corrected and explained, shall remain a part of.the deposition : B. & C. Comp. § 836. The officer taking the deposition shall append thereto his certificate, to the effect that the deposition wast aken before him, at a place mentioned, between certain hours of a day or days mentioned, and reduced to writing by a person therein named ; that before proceeding to the examination, the witness was duly sworn to tell the truth, the whole truth, and nothing but the truth ; that the deposition was read to or by the witness, and then by him subscribed : B. & C. Comp. § 837. The officer taking the deposition shall inclose the same in a sealed envelope, directed to the clerk of the court or the justice of the peace before whom the action, suit, or proceeding is pending: B. & C. Comp. § 838. These excerpts from the statute show the mode prescribed for taking and certifying depositions; but, the regulations not having been fully observed, was parol evidence admissible to prove the statements made by the defendant under oath when she appeared before the county clerk of Multnomah County to have her deposition taken.

The crime of perjury, if perpetrated, was fully consummated when the defendant gave the alleged false testimony: 22 Am. & Eng. Enc. Law (2 ed.), 682 ; 2 Roscoe, Crim. Ev. (8 ed.), *842. Perjury may be committed in the giving of a deposition, which, by reason of some informality, would have prevented its reception in evidence if it had been offered at the trial: *State* v. *Whittemore,* 50 N. H. 245 (9 Am. Rep. 196.) Thus, as was said by the court in *State* v. *Langley,* 34 N. H. 529: "To constitute perjury it is necessary that the false testimony be in relation to matters material to the issue; but it is not material to the perjury that the testimony is in such form, or comes from such sources or through such channels, that it is competent to be used at the hearing for which it was taken."

The distinction between an affidavit and a deposition is that the latter is taken with, and the former without, notice to the adverse party, each being a written declaration under oath: B. & C. Comp. §§ 815, 816. In *Commonwealth* v. *Carel*, 105 Mass. 582, the defendant, having been indicted for perjury, alleged to have been committed in making a written statement of his property for the purpose of becoming surety on a bail bond, in which he falsely swore to certain material matters, but the written accusation not having averred that he signed such statement, it was held that the signature was unnecessary; the court saying: "It is not averred that the defendant signed his name to the paper, but the signature is no part of the statement. Its only object is to authenticate it as his declaration. If he made oath to it, he authenticated it effectually, and the want of signature would be immaterial." In *People* v. *Curtis*, 50 Cal. 95, on an indictment for perjury alleged to have been committed by the defendant while giving evidence on the examination before a committing magistrate of a person charged with a crime, it was held that the prosecution might, on the trial, prove by parol evidence what the accused swore to before the magistrate, though the statute of California required the testimony of each witness on such examinations to be reduced to writing as a deposition, which was to be read over to and signed by him, but, if he refused to subscribe his name to the written declaration, his reasons therefor were to be stated in writing, which was to be signed and certified by the magistrate.

In *Covey* v. *State*, 23 Tex. App. 388 (5 S. W. 283), it was ruled that, though the testimony taken at an examining trial should have been reduced to writing, as required by the law of Texas, yet perjury might be assigned upon oral testimony taken, but not reduced to writing, in such trial. In *Commonwealth* v. *Hatfield*, 107 Mass. 227, in dis-

cussing a similar question, Mr. Justice Colt, speaking for the court, says: "It can make no difference that either before or after the oath was administered the statements made were reduced to writing and signed by the defendant. The offense consists in the false statement of material facts under oath knowing them to be false, without reference to the mode of statement, whether oral or written." Mr. Weeks, in his work on Depositions (section 561), contending that the written declaration under oath affords the best evidence of what the witness said, nevertheless admits that, if his testimony was not reduced to writing, as the law required, parol evidence of what he deposed is admissible; saying: "But if the written examination of a prisoner is excluded from informality other than for having been taken on oath—in which case, under the English law, confession is inadmissible, as not having been voluntarily made—or if it be clearly proved that the statement was not reduced into writing, parol evidence is admissible to show what was said by the prisoner; for such evidence is offered, not in substitution of the official document, since no such document in that case exists, but as the best evidence which the circumstances admit of being produced." We believe that reason and authority show that, notwithstanding the statute requires a deposition to be reduced to writing and subscribed by the deponent, a failure to comply therewith did not render the action of the court in admitting parol evidence of the defendant's testimony erroneous, for, as was said by the court in *Commonwealth* v. *O'Neill*, 5 Pa. Co. Ct. R. 209, in commenting on a failure of an officer to observe certain statutory regulations respecting the mode of evidencing testimony and of the consequences resulting from the crime of perjury, alleged to have been committed by the defendant in taking a false oath as to his qualifications to vote at an election: "Whilst it may be true that these

requirements may have been neglected by the parties, and the election officers may have disregarded their duties, it certainly cannot relieve the defendant, who was duly sworn before a competent tribunal as to a matter which was material to the issue, namely, his right to vote."

5. It is maintained that, the defendant's testimony having been taken down by a stenographer, his notes thereof afford the best evidence of what she said, and, as it was incumbent on the State to introduce the highest proof it could produce, the court erred in permitting the county clerk to detail the testimony she gave before him. It has been held that the notes of a stenographer taken at a former trial may be read on a subsequent examination of the same cause, or in a different suit or action; but such notes when transcribed, do not exclude the testimony of an intelligent bystander, who has heard and paid particular attention to the testimony of the witness: 26 Am. & Eng. Enc. Law (2 ed.), 781; *Brice* v. *Miller*, 35 S. C. 537 (15 S. E. 272); *Taylor* v. *Preston*, 79 Pa. 436. No error was committed in permitting Fields to testify as to what the defendant said under oath before him.

6. A request to instruct the jury to return a verdict of not guilty having been denied, and an exception saved, it is contended that an error was thereby committed. It is argued that because the bill of exceptions discloses that no affidavit or other paper was filed in the case of Roberts against the Oregonian Publishing Company showing the necessity for taking the defendant's deposition, the right to secure which was special, depending upon the existence of certain facts (B. & C. Comp. § 826), the clerk had no authority to take her testimony, and hence she was not guilty of the crime with which she was charged. The bill of exceptions states that when the defendant appeared before the county clerk the attorneys for the respective par-

45 OR.——26

ties to the action mentioned were in attendance, "and without questioning the regularity of the proceedings" the defendant was sworn, etc. The rule is well settled that irregularities occurring in the manner of giving notice to take depositions or in the mode of taking them may be waived by appearing without objection and giving testimony: *State* v. *Lavalley,* 9 Mo. 834; *Mumma* v. *McKee,* 10 Iowa, 107; *George* v. *Nichols,* 32 Me. 179. The attorneys for the respective parties having voluntarily appeared and permitted the defendant to testify before the county clerk, no error was committed in refusing to instruct the jury as requested.

Other alleged errors are assigned, but deeming them, in view of what has already been said, unimportant, the judgment is affirmed.                              AFFIRMED.