Argued 11 July, decided 7 August, modified 23 October, 1905.

### STATE *v.* EDDY.

81 Pac. 941; 82 Pac. 707.

INFORMATION—IDENTIFYING PARTY ACCUSED.
1. Under Section 1306, B. & C. Comp., an information must show with certainty that the person accused committed the offense charged, but it is not necessary to repeat the name; though of course the defendant must be connected by some appropriate words with every act charged.

CERTAINTY AS TO PARTY CHARGED—INFERENCE NOT PERMISSIBLE.
: 2. While, under B. & C. Comp. § 1316, an indictment need not state presumptions of law, yet inferences, however reasonable, are not permissible to interpret the language of a formal charge where certainty is demanded by statute.

INFORMATION FOR ROBBERY—DEFECTIVE CHARGE OF VIOLENCE.
3. A charge, that certain named defendants unlawfully took sundry coins from a specified person, and "that the said money was then and there unlawfully and feloniously taken from the person of said D. against his will and by violence" is not a charge of the use of violence by the defendants, and the indictment is fatally defective in not charging the defendant with every act necessary to constitute a robbery.

INFORMATION FOR ROBBERY—NAMING OWNER OF STOLEN PROPERTY.
4. It is not necessary under Section 1305, B. & C. Comp., to state in an indictment for robbery the name of the owner of the property taken.

CRIMINAL LAW—APPEAL—FORM OF ORDER ON REVERSAL.
5. Under B. & C. Comp. §§ 1485, 1486, 173 and 1361, relating to appeals and new trials, when a criminal case is reversed for error in considering a demurrer to the information, it is the duty of the supreme court to order a new trial, subject to the discretion of the trial court in resubmitting the case to another grand jury.

From Lane: LAWRENCE T. HARRIS, Judge.

Jesse Eddy appeals from conviction of robbery.    REVERSED.

For appellant there was a brief over the names of *George A.*

and *John M. Pipes,* with an oral argument by *Mr. George A. Pipes.*

For the State there was a brief over the names of *George M. Brown,* District Attorney, and *John Monroe Williams,* with an oral argument by *Mr. Andrew Murray Crawford,* Attorney General, and *Mr. Williams.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant Jesse Eddy was jointly tried and convicted with James Winkle of the crime of robbery, upon an indictment, the charging part of which is as follows:

"They, the said Jesse Eddy and James Winkle, on the 24th day of February, A. D. 1905, in the County of Lane and the State of Oregon then and there being and then and there acting together, did then and there unlawfully and feloniously take from the person of William Dompire one ten-dollar gold coin, two one-dollar silver coins and four one-half-dollar silver coins, all of the said coins being then and there lawful money of the United States of America, and of the coinage of said nation. That the said money was then and there unlawfully and feloniously taken from the person of the said William Dompire, against his will and by violence to his person and by putting him in fear of force and violence to his person, contrary," etc.

Eddy separately appeals from the judgment rendered against him, his counsel contending that an error was committed by the trial court in overruling a demurrer interposed to the indictment on the grounds that the formal charge did not substantially conform to the requirements of Chapter 8 of Title 18, B. & C. Comp., that more than one crime was charged, and that the facts stated did not constitue a crime.

1. The provisions of our statute relating to the sufficiency of a criminal charge, so far as considered involved herein, are as follows: "The indictment must be direct and certain, as it regards (1) the party charged; (2) the crime charged; and (3) the particular circumstances of the crime charged when they are necessary to constitute a complete crime": B. & C. Comp. § 1306. "The indictment is sufficient if it can be understood therefrom * * (3) that the defendant is named; * * (6) that the act or omission charged as the crime is clearly and distinctly set forth, in ordinary and concise language, without repetition,

and in such a manner as to enable a person of common understanding to know what is intended": B. & C. Comp. § 1314. An indictment or information must be positive in respect to the charge that the person accused committed the act which renders him amenable to the law: 10 Enc. Pl. & Pr. 476. "The indictment," says a text-writer, "must be certain as to the defendant's name": Wharton, Crim. Pl. & Pr. (8 ed.), § 96. "The name," says Mr. Chief Justice JOHNSON in *State* v. *Hand,* 6 Ark. 165, "should be repeated in every distinct allegation, but it will suffice to mention it once, as the nominative case, in one continuing sentence." It is not necessary, however, that the defendant's name should be constantly repeated in an indictment, if once stated in full, after which specification the name may be abbreviated when it occurs in the same count or sentence, with a reference to the prior statement of it, by the use of the word "said" or "aforesaid": *State* v. *Coppenburg,* 2 Strob. 273. Thus, if John Smith be charged in an indictment with the commission of a crime, he may thereafter be referred to as "the said John": *Commonwealth* v. *Hagarman,* 10 Allen, 401.

2. In the case at bar an examination of the last clause of the indictment will show that the defendants' names are not mentioned therein, nor any reference made to them as parties to the action, nor any pronoun used to designate them. It is nowhere directly stated that the violence applied to the person of William Dompire, or the fear induced, to take the money from him, was used or exerted by either of the defendants. It may be inferred, from the statement in the second clause of the indictment "that the said money was then and there unlawfully and feloniously taken from the person of the said William Dompire," that, since it had been charged in the first clause that the defendants "did then and there unlawfully and feloniously take from the person of William Dompire" certain moneys, the defendants were the persons charged with using force and fear to secure the money. It is not necessary to state in an indictment a presumption of law (B. & C. Comp. § 1316), but the rules of criminal pleading forbid that resort should be had to an inference, however reasonable, to interpret the language of a formal charge, where certainty is demanded by statute.

3. The indictment is not specific in respect to the party charged with using the force, which was a particular circumstance of the crime of robbery, and necessary to aver in order to constitute a complete offense.

4. It is argued by defendants' counsel that robbery consists of larceny, aggravated by force or fear, and, this being so, it was necessary to state in the indictment the name of the person who owned the money alleged to have been taken. Our statute prescribing the form of stating the facts constituting robbery is as follows: "Feloniously took a gold watch (or as the case may be) from the person of C. D., and against his will, by violence to his person (or putting him in fear of some immediate injury to his person)": 1 B. & C. Comp. p. 750, form No. 9. The statute declares that the manner of stating the act constituting the crime, as thus recommended, is sufficient in all cases where the forms given are applicable.: B. & C. Comp. § 1305. This legislative declaration has been repeatedly upheld in this court: *State* v. *Dodson,* 4 Or. 64; *State* v. *Spencer,* 6 Or. 152; *State* v. *Wintzingerode,* 9 Or. 153; *State* v. *Ah Lee,* 18 Or. 540 (23 Pac. 424); *State* v. *Wright,* 19 Or. 258 (24 Pac. 229). In *State* v. *Dilley,* 15 Or. 70 (13 Pac. 648), the question now presented was decided adversely to appellant's contention; the court holding that, in an indictment for taking money by force from the person of another, it was not necessary, under our statute, to allege that the money taken was the property of another than the defendant. The decision there rendered is controlling in the case at bar.

For the error in overruling the demurrer to the part of the indictment to which attention has been called, the judgment is reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.

Decided 23 October, 1905.

ON MOTION TO MODIFY MANDATE.

MR. JUSTICE MOORE delivered the opinion of the court.

5. The judgment in this action having been reversed, the cause was ordered to be remanded for such further proceedings as

might be necessary, not inconsistent with the opinion. The defendant's counsel thereupon interposed a motion to discharge the prisoner, while counsel for the State moved that the cause be remanded for a new trial. The statute regulating the procedure in criminal actions contains the following provisions: "The appellate court may reverse, affirm, or modify the judgment or order appealed from, and must, if necessary or proper, order a new trial": B. & C. Comp. § 1485. "When a new trial is ordered, it must be directed to be had in the court below; and if a judgment against a defendant is reversed, without ordering a new trial, the appellate court must direct, if he be in custody, that he be discharged therefrom, or if he be admitted to bail, that his bail be exonerated, or if money be deposited instead of bail, that it be refunded to the defendant": B. & C. Comp. § 1486. "A new trial is a re-examination of an issue of fact in the same court after a trial and decision or verdict by a court or jury": B. & C. Comp. § 173. The uniform practice in this court has been in reversing a judgment of conviction for error committed at the trial that did not relate to the sufficiency of an indictment or an information to remand the cause for a new trial; but, when a reversal has been rendered for error committed in overruling a demurrer to an indictment or to an information, it has been customary to remand the cause for such further proceedings as may be proper, not inconsistent with the opinion announced. The trial court, by such latter order, has been enabled, when in its opinion the objection on which the demurrer was allowed could be avoided in a new indictment or an information, to direct the cause to be resubmitted: B. & C. Comp. § 1361. If the definition of a new trial, as hereinbefore quoted, is to be interpreted strictly, it would follow that, when a judgment of conviction is reversed, this court would be powerless to order a re-examination of the issue of fact in the court below, because the foundation for the new trial has been overthrown in determining that the formal charge did not comply with the legal requirements. The inability of this court to order a new trial in such cases might result in discharging a defendant in a criminal action, however guilty he might appear to be, and, possibly, before another indictment could be returned or a new

information filed, it might be difficult again to apprehend such defendant and bring him to trial, assuming that he could be charged a second time for the commission of the same crime without an order submitting the cause. That the legislative assembly never contemplated such possible consequences requires no argument, and, this being so, the definition of a new trial as given by our statute ought to be construed liberally. Such interpretation, except when the objection interposed in and denied by the court below, but sustained by this court, necessarily bars further prosecution of the action, would require the latter court, in every reversal of a judgment of conviction, to order a new trial, if a failure of justice is to be prevented.

The judgments and decrees given by this court must, upon the receipt of a mandate and its entry in the records of the court below, be carried into effect by the latter court, and, when a judgment of conviction is reversed in this court by allowing a demurrer to an indictment or to an information, and a new trial is ordered, it would seem that the lower court, if required to submit the cause to another grand jury or to the district attorney, is necessarily deprived of all discretion, the exercise of which by that court appears to be a condition precedent to the resubmission: B. & C. Comp. § 1361; *Commonwealth* v. *Swanger,* 108 Ky. 579 (57 S. W. 10). The right to resubmit a cause to a grand jury or to a district attorney after a demurrer to an indictment or to an information has been allowed is vested by statute in the trial court, and its discretion in this respect cannot be controlled by this court or reviewed, except for an abuse thereof. This conclusion discloses the seeming absurdity of ordering a new trial, when a judgment of conviction is reversed by this court because of an error committed by the trial court in overruling a demurrer to an indictment or to an information, for, notwithstanding such order, the latter court, possessing the better knowledge of the case, can exercise its discretion and refuse to make the submission.

As our statute directs that, unless a new trial is ordered by the appellate court, the defendant in a criminal action must be discharged on the reversal of a judgment of conviction (B. & C. Comp. § 1486), we feel compelled, in order to prevent a failure

of justice in the case at bar, to order such a trial, which must, nevertheless, depend upon the discretion of the trial court, so far as it relates to submitting the cause to another grand jury or to the district attorney. The effect of such an order, on reversing a judgment of conviction for error committed in overruling a demurrer to an indictment or to an information, and remanding the cause, is equivalent to a direction to the trial court to sustain the demurrer, and tantamount to sending the cause back for such further proceedings as may be proper, thereby leaving the further prosecution of the action to the discretion of the trial court.

The opinion heretofore announced will therefore be modified, so as to direct a new trial, which is hereby ordered.  REVERSED.