Argued January 25, reversed February 2, 1915.

## STATE *v.* ROBINSON.

(145 Pac. 1057.)

**Indictment and Information—Waiver of Defects—Failure to Demur.**

1.   The failure of an indictment for receiving stolen property to allege the name of the owner of the property was not waived by failing to demur.

**Receiving Stolen Goods—Indictment—Name of Owner.**

2.   Under Section 1959, L. O. L., providing that if any person shall buy, receive, etc., any stolen money or property, knowing or having good reason to believe it to be stolen, he shall be punished as therein provided, an indictment must allege the name of the owner of the stolen property, if known, and an indictment neither alleging the name of the owner nor an excuse for not alleging the ownership was fatally defective, since, while, under the statute, the offense is a substantive rather than an accessorial offense, the prosecution of the receiver of the stolen goods is not dependent upon the conviction of the thief, and it is not necessary technically to allege the larceny, the name of the thief or of the person from whom the goods were received, or the time and place of the original larceny; the name of the owner is essential in identification of the offense, as the transaction is identified, not only by a description of the property, but by the ownership.

[As to what constitutes the crime of receiving stolen property, see note in 26 Am. Dec. 261.]

From Clatsop: THOMAS J. CLEETON, Judge.

The defendant, C. A. Robinson, was indicted, tried and convicted of receiving stolen property, and from the sentence imposed he appeals.          REVERSED.

For appellant there was a brief over the names of *Mr. J. T. Jeffries* and *Mr. A. W. Norblad,* with an oral argument by *Mr. Norblad.*

For the State there was a brief and an oral argument by *Mr. C. W. Mullins,* District Attorney.

Department 2.   MR. JUSTICE HARRIS delivered the opinion of the court.

The defendant, C. A. Robinson, was convicted of receiving stolen property.   The charging part of the indictment is as follows:

74 Or.—31

"The said C. A. Robinson on the 5th day of February, A. D. 1914, in the said county of Clatsop and State of Oregon, then and there being, did then and there willfully, unlawfully, and feloniously buy, receive, conceal, and attempt to conceal, 1 joinder plane, of the value of $3.50, 1 ripsaw, of the value of $2.00, 1 handsaw, of the value of $0.75, and 1 saw clamp, of the value of $1.25, and of the aggregate value of $7.50, and which joinder plane, ripsaw, handsaw, and saw clamp had been then, lately before, foloniously stolen, taken, and carried away, by certain persons within said county and state; he (the said C. A. Robinson) then · and there well knowing and having good reasons to believe the same to be stolen, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The defendant appealed from the judgment, contending that certain errors occurred during the trial. At the argument on appeal, and for the first time, the defendant questioned the sufficiency of the indictment and urged that it was fatally defective because of the absence of an allegation of ownership.

1, 2. If the allegation of ownership is indispensible, then a failure to demur does not operate as a waiver of the objection now made by defendant: *State* v. *Mack,* 20 Or. 236 (25 Pac. 639); *State* v. *Martin,* 54 Or. 405 (100 Pac. 1106, 103 Pac. 512). A person who buys, receives, or conceals stolen property, knowing the same to be stolen, is guilty of a substantive crime (Section 1959, L. O. L.); and in most jurisdictions the act is made a substantive rather than an accessorial offense. Under statutes like ours, making the crime a substantive one, the prosecution of the receiver of stolen goods is not dependent upon the conviction of the thief who was the original taker, although it is necessary to allege and prove that the property was in

fact stolen. It is not essential in this state technically to allege the larceny, nor is it requisite to allege the name of the thief, or the name of the person from whom the goods were received, or when and where the original larceny was committed (*State* v. *Hanna,* 35 Or. 197 (57 Pac. 629), for the reason that none of these features are essential for a description of the transaction. If, however, the name of the owner of the stolen property is known, the indictment must contain an allegation of ownership; and this rule is sustained by an overwhelming weight of authority whether the act of receiving stolen property be a substantive or an accessorial crime. An indictment is fatally defective when it does not allege the name of the owner, if known: Rapalje on Larceny, § 318; *Miller* v. *People,* 13 Colo. 166 (21 Pac. 1025); *State* v. *McAloon,* 40 Me. 133; *Commonwealth* v. *Finn,* 108 Mass. 469; *People* v. *Ribolsi,* 89 Cal 492 (26 Pac. 1082); *O'Connell* v. *State,* 55 Ga. 296; *State* v. *Pollock,* 105 Mo. App. 273 (79 S. W. 980); *State* v. *Perkins,* 45 Tex. 10; *Kirby* v. *United States,* 174 U. S. 47 (43 L. Ed. 809, 19 Sup. Ct. Rep. 574); 2 Bishop, New Cr. Pro. (4 ed.) § 983; 1 McLain, Cr. L., § 718; 34 Cyc. 521. The owner's name is essential in identification of the offense. The transaction is identified, not only by a description of the stolen property, but also by the ownership. Identity of the property embraces the element of ownership as a necessary part of the description, and therefore the name of the owner, if known, must be alleged; and if the indictment does not disclose the name of the owner or offer an excuse for not averring the ownership, it is fatally defective. In the note to Section 1959, L. O. L., the statement is made that it is not necessary to allege the name of the person from whom the property was stolen, and *State* v. *Hanna,* 35 Or. 197 (57

Pac. 629), is cited as authority; but that portion of the note is erroneous if intended to mean that the name of the owner need not be averred, because no announcement made in the case mentioned affords any warrant for the conclusion that the name of the owner, if known, may be omitted. The failure to allege the name of the owner, who was known, renders this indictment insufficient. It is not necessary to discuss any other phases of the case presented on appeal.

The judgment is therefore reversed, the cause is remanded for such further proceedings as may be proper, not inconsistent with this opinion, and, subject to the qualifications expressed in *State* v. *Eddy,* 46 Or. 630 (81 Pac. 941, 82 Pac. 707), a new trial is directed.                                        REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BEAN concur.