STATE *vs.* WILLIAM WRIGHT.

*Criminal Law—Indictment; Sufficiency of—Practice—Contradicting Witness when taken by Surprise—Receiving Stolen Goods—What State Must Prove—Evidence—Reasonable Doubt.*

1.   Where a party produces a witness who takes him by surprise by making statements different from those made elsewhere, such party will be permitted to call witnesses to contradict the witness; and it will be for the jury to say which testimony they will believe.

2.   In a trial for receiving stolen goods, in order to convict, the jury must be satisfied from the evidence beyond a reasonable doubt, *first*, that the goods were stolen, *second*, that they were the property of the person laid in the indictment, and, *third*, that the defendant, when he bought and received them, knew that they were stolen. Such knowledge may come from declarations made at the time, or from the circumstances surrounding the transaction.

3.   Reasonable doubt defined.

(*September 23, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Peter L. Cooper, Jr.,* Deputy Attorney-General for the State.

*Philip S. Garrett* and *Frank L. Speakman* for the prisoner.

Court of General Sessions, New Castle County, September Term, 1899.

INDICTMENT FOR RECEIVING STOLEN GOODS (No. 45 September Term, 1899).

The second count of the indictment alleged, "That William Wright, late of Wilmington Hundred in the county aforesaid, on the twenty-eight day of June in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms at the hundred aforesaid, in the county aforesaid, twenty-seven air-brake valves each of the value of three dollars lawful money of the United States of America, of the goods and chattels of the Baltimore & Ohio Railroad Company before then feloniously stolen, taken, and carried away, feloniously did buy, he the said William Wright then and there well knowing the said goods and chattels to have been feloniously stolen, taken and carried away."

Counsel for defendant moved to quash the said second count of the indictment as not sufficiently specific, for the reason that the count should set out from whom the prisoner bought the goods and from whom they were alleged to be stolen. No authorities were cited.

LORE, C. J.:—The gravamen of the offense is receiving stolen goods. That count of the indictment seems to set out the material element. The indictment is sustained.

Frederick Bierman was called by the State and asked from what cars he got the air-brake valves which he sold to Wright, the prisoner, and replied that he got them from the Wilmington & Northern cars on the Wilmington and Northern tracks. Mr. Cooper stated that he was taken by surprise by the testimony of the witness and in order to lay ground for contradiction asked the following question: "Did you not testify in my office in the presence of Officer Lucas and Mr. Hutchins a few days ago, that you took those valves from the B. & O. cars?"

Objected to by counsel for defendant on the ground that the State could not contradict its own witness.

LORE, C. J.:—He is entitled to contradict his own witness when taken by surprise. That has been settled in this Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—William Wright, the prisoner at the bar, is charged in this case with receiving stolen goods, knowing them to be stolen. The goods alleged to be stolen are laid in the indictment as the property of the Baltimore & Ohio Railroad Company. That is a material allegation and should be proved as laid. Where witnesses are produced and make statements upon the stand that differ from those made elsewhere it has been the practice not only in this State, but it is recognized generally in such cases, where the party against whom the testimony is given is taken by surprise by such testimony, that he may call witnesses to contradict it, and if the testimony shows that witnesses in this case have testified in one way here and in another way elsewhere, it is for you to say which testimony you will believe, and you are to determine that from the circumstances surrounding the case. It is for you under all the circumstances surrounding the case to give credit to whichever of such statements in your judgment is more likely to be the truth. It is necessary in this case to satisfy you from the evidence beyond a reasonable doubt, *first*, that these goods were stolen; *second*, that they were the property of the Company laid in the indictment; *third*, that this prisoner when he bought and received them, knew that they were stolen goods. That knowledge may come to him from declarations made at the time, or from the circumstances surrounding the transaction. In such matters the buyer is presumed to have had ordinary intelligence and you may take into consideration the circumstances under which the things were received as affecting his knowledge whether the person offering them for sale came by them fairly or otherwise; and it is

for you to say whether he knew from such circumstances that they were stolen goods.    If you have any reasonable doubt upon any one of these material points, that doubt should inure to the acquittal of the defendant.    But, gentlemen, it must be a reasonable doubt, such as would govern and control your judgment in the ordinary transactions of life.

Verdict, guilty.