## State vs. Harry Freedman.

*Criminal Law—Indictment—Receiving Stolen Goods—Time Alleged not Material—What Necessary to Prove—Evidence—Character—Confederate—Reasonable Doubt.*

1. In an indictment charging that the defendant did feloniously receive certain goods, knowing them to be stolen, the following are essantial elements of the crime and must be proved beyond a reasonable doubt, viz: (1) That the goods were stolen; (2) that the goods were the property of the person named in the indictment, and (3) that when the defendant received the goods he knew that they were stolen.

2. Knowledge that goods are stolen may come from declarations made at the time, or from circumstances surrounding the transaction. In such matters the buyer is presumed to have ordinary intelligence, and the jury may consider the circumstances under which the goods were bought as affecting the knowledge of the defendant whether the person offering it for sale came by it honestly or not. Mere possession of stolen goods, standing by itself, does not establish such knowledge of guilt; but it is a circumstance to be considered with all the other evidence in the case.

3. Good character of the accused, when proven, is like any other testimony tending to show innocence. The jury are the judges of its quality and weight.

4. While a jury may convict upon the unsupported testimony of a participant or confederate in the same crime, the better rule is that conviction should not be had unless such testimony is corroborated in some material part by other testimony or by the circumstances of the case.

5. Where the testimony on the part of the State showed that defendant received the stolen property on July 19, *held* sufficient to support the indictment charging it on the 22d of same month; evidence of a transaction on the 22d being admitted to throw light on the question of guilty knowledge.

6. Reasonable doubt defined.

(*September 27, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward*, Attorney-General, and *Robert H. Richards*, Deputy Attorney-General, for the State.

*William Michael Byrne* and *Walter H. Hayes* for the defendant.

Court of General Sessions, New Castle County, September Term, 1901.

INDICTMENT FOR RECEIVING STOLEN GOODS (No. 78, September Term, 1901).

LORE, C. J., charging the jury:

Gentlemen of the jury:—Harry Freedman, the defendant, is indicted for receiving stolen goods.

The indictment contains three counts. The first charges that the defendant feloniously did *buy* one goatskin knowing it to have been stolen. The second, that he feloniously did *receive* the same. The third, that he feloniously did *conceal* the same.

It is conceded by the State that there is no evidence of the concealment of the skin; the third count is therefore not to be considered by you at all.

We have been asked by the counsel for the defendant to direct you to return a verdict of not guilty. This we decline to do. We consider the guilt or innocence of the defendant not to be a question of law for the Court to decide, but one of fact for your determination under the law.

It is necessary in this case for you to be satisfied by the evidence beyond a reasonable doubt,—

*First.* That the goatskin was stolen.

*Second.* That it was the property of Charles Baird & Co., as laid in the indictment.

*Third.* That when Freedman bought or received it he knew that it was stolen.

These are all material elements of the crime and must all be proved beyond a reasonable doubt.

Knowledge that goods are stolen, may come from declarations made at the time, or from circumstances surrounding the transaction. In such matters the buyer is presumed to have ordinary intelligence, and you may consider the circumstances under which the skin was bought in this case as affecting the knowledge of the defendant whether the person offering it for sale came by it honestly or otherwise,

Mere possession of stolen goods standing by itself, does not establish such knowledge or guilt; but it is a circumstance to be considered with all the evidence in the case.

Good character of the accused, when proven, is like any other testimony tending to show innocence. The jury are the judges of its quality and weight.

While a jury may convict upon the unsupported testimony of a participant or confederate in the same crime; the better rule is that conviction should not be had unless such testimony is corroborated in some material part by other testimony or by the circumstances of the case.

We do not consider the law governing circumstantial evidence to be applicable to this case.

In considering the evidence, the rule is that you are not to be governed by a mere preponderance of the evidence as in civil cases, but must be satisfied beyond a reasonable doubt that all the material elements of the crime are proved in order to convict.

If there be a reasonable doubt, the presumption of innocence prevails.

By a reasonable doubt is not meant a vague, fanciful, whimsi-

cal or mere possible doubt; but one growing out of all the relevant testimony in the case, and such as may be reasonably entertained by men of ordinary intelligence, impartiality and judgment, after a careful and conscientious consideration of all such evidence.

(After remaining out about an hour the jury, having requested further instructions upon the law, were brought into the court room and instructed as follows):

LORE, C. J.:—You must be satisfied that the skin was received by the defendant on the 19th day of July, 1901, and that at the time he so received it he knew that it was stolen. The evidence of the transaction on the 22d was admitted to throw light on the question of guilty knowledge.

If you find that it was so received by him on the 19th, it would support the indictment charging it on the 22d.

Verdict: Guilty, with a strong recommendation to the mercy of the Court.

(The prisoner on September 30th, was probated, upon entering into the necessary bond).