STATE OF MISSOURI, Respondent, v. POLLOCK, Appellant.

St. Louis Court of Appeals, March 1, 1904.

1. INDICTMENT: Receiving Stolen Goods: Name of Owner. An indictment against one for receiving stolen goods, which omits to name the owner of the goods stolen, is fatally defective; giving the name "Butler Brothers" is not sufficient because it is neither the name of an individual nor a corporation, nor a partnership composed of individuals whose names are given.

2. ———: Verdict. If the jury undertakes to set out in a verdict the elements of the crime of which they find the defendant guilty and make no reference to the indictment, every material element of the offense charged must be set forth in the verdict, otherwise it will not support a judgment.

3. ————: ————. A verdict which found, without referring to the indictment, a defendant guilty of receiving stolen property, and failed to find that he knew the property was stolen, was not responsive to the indictment and a judgment rendered thereon should have been arrested.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED.

*Thos. B. Harvey* for appellant.

(1) The indictment is fatally defective in failing to sufficiently allege the ownership of the property charged to have been stolen by another, and subsequently received by this appellant. The indictment alleges that it was the property of and stolen from "Butler Bros.," but no allegation is made as to whether "Butler Bros." is a corporation or co-partnership, and if a co-partnership, the names of the individuals constituting the firm. State v. Jones, 168 Mo. 398; State v. Patterson, 159 Mo. 98. (2) The verdict is not responsive to the charge, and is insufficient to support a judgment, in that it does not find that the defendant knew that the property was stolen. 22 Encycl. of Pleading and Practice, 873e and citations; Clark's Crim. Proc., 485; 1 Bishop, New Cr. Proc., sec. 1005; Wharton Cr. Pl. & Pr. (9 Ed.), sec. 756; Gibbs v. State, 34 Tex. 134; Weber v. State, 10 Mo. 8; State v. Whitaker, 89 N. C. 473.

*Joseph W. Folk,* for respondent.

(1) The allegation of ownership in the indictment is sufficient. Receiving stolen property knowing the same to be stolen, is made a distinct offense by Revised Statutes 1899, sec. 1916. The larceny is no part of the charge against the defendant. The gist of the offense

is the guilty knowledge, and while it is essential to allege ownership it is in the nature of inducement and need not be pleaded with the same degree of particularity as would be necessary in charging the larceny as a principal offense. Bishop's Direct Forms (2 Ed.), sec. 918; 1 Bishop's New Crim. Proc., secs. 554-5; State v. Honig, 78 Mo. 249; State v. Jacobs, 39 Mo. App. 122. (2) It is not necessary to allege or prove that the receiver knew from whom the property was stolen, nor the time or place of the larceny, nor the name of the thief. Kelley Crim. Law, 683; State v. Smith, 37 Mo. 38; State v. Guild, 149 Mo. 370. (3) It is not fatal after verdict that the indictment does not allege from whom the property was stolen. (4) The defect complained of is not one that tends to the prejudice of the substantial rights of the defendant on the merits, and if it is not, it can not invalidate the indictment. Revised Statutes 1899, sec. 2535. (5) The verdict is sufficient. A verdict is not bad for informality or clerical errors in the language of it, if it is such that it can be clearly seen what is intended. It is to have a reasonable intendment and is to receive a reasonable construction, and must not be avoided except from necessity. Clark's Crim. Proc., 486; State v. Ray, 53 Mo. 345; State v. Cook, 58 Mo. 546; State v. Robb, 90 Mo. 30; State v. Sweeney, 93 Mo. 38; State v. Clarkson, 96 Mo. 364; State v. Elvins, 101 Mo. 242.

## STATEMENT.

At the October term, 1902, of the criminal division of the St. Louis circuit court, the grand jury returned the following indictment against the defendant:

"The grand jurors of the state of Missouri within and for the body of the city of St. Louis, now here in court, duly empaneled, sworn and charged, upon their

oath present, that Alexander J. Pollock, on the fifteenth day of October, one thousand nine hundred and two, at the city of St. Louis aforesaid, two gold watches, one pair of gold cuff buttons, one plated watch chain, all of the value of fifty dollars, of the goods, chattels and personal property of Butler Bros., then lately before feloniously stolen, taken and carried away from the said Butler Bros., with the intent on the part of the thief to permanently deprive the owner of the use thereof, feloniously and fraudulently did from said thief buy, receive and have, he the said Alexander J. Pollock, then and there well knowing the said goods, chattels and personal property to have been stolen, taken and carried away with the intent as aforesaid, to permanently deprive the owner of the use thereof; contrary to the form of the statute in such case made and provided and against the peace and dignity of the state.

"W. SCOTT HANCOCK,

"Assistant Prosecuting Attorney."

A jury was empaneled to try the cause who, after hearing the evidence and receiving the instructions of the court, returned the following verdict:

"We, the jury in the above entitled cause, find the defendant guilty of receiving stolen property of less than thirty ($30) dollars in value and assess the punishment at six (6) months in jail and a fine of one hundred ($100) dollars.

"S. H. BURT,

"Foreman."

A timely motion for new trial was filed which the court overruled. This was followed by a motion in arrest of judgment based on the sole ground that "the verdict of the jury is insufficient in law to sustain a judgment." This motion was likewise overruled. Defendant appealed.

BLAND, P. J. (after stating the facts as above).
—1. One of the grounds for the motion for new trial
was that the evidence was insufficient to warrant a ver-
dict of guilty, and counsel for appellant insist here
that there is no sufficient evidence of defendant's guilt
to support the verdict. We do not deem it necessary
to summarize the evidence or to discuss its probative
force as we shall dispose of the appeal on other grounds.

2. The sufficiency of the indictment to support the
judgment is attacked on the ground that it fails to al-
lege the ownership of the property charged to have been
stolen; that the designation of Butler Brothers as the
owners of the property does not point out or individu-
ate the owner of the goods. Butler Brothers is not the
name of an individual, is not described in the indictment
as a partnership composed of individuals whose names
are given, nor as a corporation. Butler Brothers des-
ignates neither an individual, corporation or partner-
ship, hence the owner of the stolen goods is not named
in the indictment. It is a well-settled rule of criminal
pleading that in indictments for larceny and in all
other indictments for crime, in which the commission
of a trespass against the person or property of another
is an essential ingredient of the offense, the name of the
person specially injured should be stated in the indict-
ment. State v. Jones, 168 Mo. 398; St. Louis v. Buss,
159 Mo. 9. In the Jones case it was held that the fail-
ure to name the owner of the store alleged to have been
burglarized was fatal to a judgment on conviction and
that the defect might be raised for the first time in the
appellate court. Receiving stolen goods, knowing them
to have been stolen, is an offense separate and distinct
from the larceny of the goods (sec. 1916, R. S. 1899),
and the receiver does not, by the act of receiving the
goods, knowing them to have been stolen, commit a
trespass against the owner of the property. But the
name of the owner is descriptive of the offense, though

the name of the thief is not, as was ruled in State v. Smith, 37 Mo. 58; and State v. Guild, 149 Mo. 370. To warrant a conviction of the offense of receiving stolen goods, knowing them to have been stolen, it is indispensable to allege and prove that the goods were stolen and the name of the owner, if known. State v. Whitaker, 89 N. C. l. c. 474; Commonwealth v. Finn, 108 Mass. 466; Kelly's Criminal Law and Practice, sec. 683; 2 Bishop's New Criminal Procedure, sec. 982. For omitting to name the owner of the stolen goods the indictment was fatally defective. This defect may be raised for the first time on appeal. State v. Jones, supra; State v. McAloon, 40 Me. 133; Miller v. People, 13 Colo. 166.

3. It is further contended by appellant that the verdict is not responsive to the charge in the indictment in that it did not find the defendant knew the goods were stolen. In volume 22, at page 873, Ency. of Pleading and Practice (2 Ed.) it is said: "A verdict in a criminal case must be responsive to the charge in the indictment or it will not support a judgment." While a general finding of guilty as charged in the indictment, or of guilty, fixing the punishment, is sufficient, if the jury undertakes to set out in a verdict the elements of the crime of which they find the defendant guilty and make no reference to the indictment, every material element of the offense charged must be set forth in the verdict, otherwise it will not support a judgment. State v. French, 50 La. Ann. 461; People v. Cummings, 117 Cal. 497; 1 Clark's Criminal Procedure, 485; Bishop's New Criminal Procedure, sec. 1005. Dr. Wharton says (Wharton's Criminal Pleading and Practice, sec. 756): "A verdict defective in omitting an essential ingredient is a nullity." In Weber v. State, 10 Mo. 4, Weber was indicted for a libel on Geo. Morton. The verdict was: "We, the jury, find the defendant guilty of charging Mr. Morton of being a visionary, worthless speculator." No malice was found

by the verdict of the jury. As malice was the very essence of the offense of libel, it was held that the verdict would not support a judgment. In State v. Whitaker, supra, the charge was that the defendant received the cotton of James H. Parker knowing it to have been stolen. The jury found: "He is guilty of receiving stolen cotton." It was held that the verdict was not responsive to the indictment and the court said, among other things: "The defendant may have received the cotton without any knowledge at the time of receiving it, that it had been stolen," and that "it would be error to pronounce judgment on such a verdict." The verdict returned against the defendant contains the same defect. The jury found that he received the stolen goods but did not find that he knew they had been stolen. Knowledge of the fact that they had been stolen was of the very essence of the crime. The verdict, therefore, was not responsive to the indictment and the judgment thereon should have been arrested.

The judgment is reversed. *Reyburn* and *Goode*, *JJ.*, concur.