STATE *vs.* MARY E. GOLT AND LILLIAN MCDERMOTT.

1. RECEIVING STOLEN GOODS—INTENT.

For defendants to be guilty of receiving or concealing stolen goods, their receipt or concealment must be with a felonious intent, either to convert them to their own use, or that the receipt or concealment shall operate to the advantage of the thief.

2. RECEIVING STOLEN GOODS—CONSTRUCTIVE CONCEALMENT.

While defendants are not guilty of receiving or concealing stolen money merely because of the thief, without their assent, acquiescence, or participation, burying it on their premises, yet they, knowing thereof, or from the facts with which they are conversant being reasonably chargeable with further concealment or preventing discovery of it, may be held constructively to have concealed it.

(*November* 10, 1913.)

Judges WOOLLEY and RICE sitting.

*Armon D. Chaytor*, Deputy Attorney General, for the state.

*Robert G. Harman* for the defendant, Mary E. Golt.

*Walter J. Willis* for the defendant, Lillian McDermott.

Court of General Sessions, New Castle County, November Term, 1913.

INDICTMENT (No. 16, November Term, 1913) against Mary E. Golt and another for receiving and concealing stolen goods, to wit, money. The jury disagreed.

The facts sufficiently appear in the charge of the court.

RICE, J., charged the jury in part as follows:

[1] For you to find a verdict of guilty against the defendants you must find from the evidence (1) that the coins were stolen, (2) that the coins were the property of the Wilmington

Charge—Jury Disagreed.

and Philadelphia Traction Company, (3) that the defendants knew at the time they received or concealed the coins that they were stolen, (4) that the property received or concealed was the property, or a part of the property received or stolen, and that the same was received or concealed by the accused with a felonious intent, that is, with an intent either to convert them to their own use or an intent that the receipt and concealment should operate to the advantage of the thief.

[2] If you should believe from the evidence that Homer C. Wiggins brought bags of stolen money to the house where the defendants lived, and buried them or any of them upon the premises, where they were afterwards found by the police officers, without assent, acquiescence, or participation of either of the defendants, the defendants should be acquitted on the charge or indictment of receiving or concealing the coin. If, however, the defendants or either of them knew the money was stolen and was buried in their yard by Homer C. Wiggins, or the facts and circumstances with which they were conversant were such as to reasonably charge them with further concealing or preventing the discovery of the stolen coins by proper authorities or persons, then they may be held, under the statute, constructively to have concealed the same and be found guilty if you believe the evidence warrants it.

The jury disagreed.