STATE vs. BIAGGIO MALVAROSA.

1. RECEIVING STOLEN GOODS—ESSENTIALS.
    Under *Rev. Code* 1915, § 4741, denouncing the offense of receiving stolen goods, it is necessary for the state to show beyond a reasonable doubt that the goods were stolen, that they were the property of a third person, and that, when defendant bought or received them, he knew the goods were stolen.

2. RECEIVING STOLEN GOODS—EVIDENCE OF KNOWLEDGE.
    Knowledge that goods were stolen, may cone from declarations made at the time, or from the circumstances surrounding the transaction, and the jury may consider the circumstances in determining whether defendant had knowledge that the goods were stolen.

3. CRIMINAL LAW—PRESUMPTION AS TO INTELLIGENCE.
    A defendant, charged with receiving stolen goods, is presumed to have reasonable intelligence.

4. RECEIVING STOLEN GOODS—DUTY OF PAWNBROKER TO KEEP BOOKS.
    *Rev. Code* 1915, § 1200, makes it the duty of a pawnbroker or junk dealer to keep books containing a list of all property purchased, and where a junk dealer, charged with receiving stolen goods, did not enter the goods in his books that fact may be received in determining whether he received the goods innocently.

5. RECEIVING STOLEN GOODS—EVIDENCE OF POSSESSION.
    Mere possession of stolen goods, standing alone, does not establish knowledge or guilt; but it is a circumstance to be considered in connection with the whole case.

(*December* 11, 1918.)

BOYCE and RICE, J.J., sitting.

*P. Warren Green*, Deputy Attorney-General, for the State.

Statement.

Philip L. Garrett for the accused.

Court of General Sessions, for New Castle County, November Term, 1918.

Indictment No. 80, November Term, 1918.

Biaggio Malvarosa was indicted for receiving stolen goods. Verdict guilty.

The accused, a licensed junk dealer in the city of Wilmington, was charged with receiving, on the third day of October, 1918, two boxes of gun shells, the property of the Capelle Hardware Company, of Wilmington, knowing the same to have been stolen. An employe of the Capelle Hardware Company placed the cartons or boxes containing the shells on a shelf near the King street entrance of their place of business, and, missing them about a half hour later, traced them to the store of the accused, where he identified them as the property of the Capelle Hardware Company by means of certain private marks upon certain of the boxes; the original package containing the cartons being found upon the floor of the place of business of the accused back of a counter and part of its contents still remaining in the original case and some having been placed upon a shelf with other similar goods belonging to the accused. It was shown by the state that a colored man named Anderson, who was convicted of stealing the shells, having first arranged with the accused to purchase the shells, subsequently delivered them to the latter's place of business by means of a dump wagon belonging to the Charles Warner Company, and received for the 1,000 shells delivered $7.50, although the market value of the same was $20. It was further proved that although under the statute of Delaware junk dealers are required to enter in a book an accurate description of all articles purchased and the name and address of the seller, yet no such record was made by the accused of the shells purchased from Anderson, and no questions were asked of Anderson by the accused as to how he came into possession of the goods.

The state requested the court to charge as in the case of State v. Freedman, 3 Pennewill 403, 53 Atl. 356. Counsel for the accused requested the usual charge as to reasonable doubt.

RICE, J., charged the jury in part:—Biaggio Malvarosa, the accused, is indicted for receiving stolen goods. The indictment contains three counts. The first charges that the accused feloniously did buy 1,000 shells, knowing the same to have been stolen; the second, that he feloniously did receive the same; the third, that he feloniously did conceal the 1,000 shells, knowing them to have been stolen.

[1] The statute of this state, under which this indictment is found, provides:

"Whoever shall buy, receive, or conceal, any money, goods, or other thing being the subject of larceny, which shall have been stolen or taken by robbery, knowing the same to have been stolen or taken by robbery, shall be deemed guilty of a felony." *Rev. Code*, 1915, § 4711.

It is necessary for the state to satisfy you by the evidence beyond a reasonable doubt that the shells were stolen, that they were the property of the Capelle Hardware Company, and that when the defendant bought or received them he knew that the goods were stolen. These are all material elements of the crime and all must be proved beyond a reasonable doubt.

[2, 3] Knowledge that the goods were stolen may come from declarations made at the time or from circumstances surrounding the transaction. The defendant is presumed to have ordinary intelligence, and you may consider the circumstances under which the shells were bought as affecting the knowledge of the defendant, whether the person offering them to the defendant, for sale, came by them honestly or otherwise.

[4] There is a statute of this state with respect to pawnbrokers and their purchases or pawns. It is admitted that the defendant had a license as a junk dealer at the time of this alleged offence. The statute provides that—

"Every person, corporation or firm conducting the business of a pawnbroker or junk dealer shall keep a book or books in which shall be fairly written in English at the time of each loan or purchase an accurate account and description of the goods, articles or things pawned, pledged or purchased, the amount of money loaned thereon or the amount of money paid therefor, the time of pledging or purchasing the same and the rate of interest to be paid on such loan, together with the description of the person pawning or pledging or selling such goods, articles or things, including the color of his complexion, color of eyes and hair and his or her stature and general appearnace.  * * *" *Section* 1200, *Rev. Code* 1915.

Under the provisions of this law, it was the duty of the accused in this case, if he bought second-hand goods, to comply with the law by making proper entries in his book. If he failed to make entries as required by the statute at the time of the purchase of second-hand goods, then that is a circumstance to be considered by you in determining whether the defendant innocently or otherwise received the goods alleged to have been stolen.

[5] Mere possession of stolen goods standing alone does not establish such knowledge or guilt, but it is a circumstance to be considered with all the evidence in the case.

Verdict guilty.