STATE *vs.* MORRIS FRANKEL and ISAAC RAPOPORT.

1.   RECEIVING STOLEN GOODS—MATTERS TO BE PROVED STATED.

On the trial of two persons for buying, receiving and concealing stolen goods, to warrant a conviction of either or both, it is necessary for the jury to be satisfied from the evidence beyond a reasonable doubt that the property bought and received was stolen, that it was the property of the person named in the indictment, and that when it was bought or received one or both of the defendants knew it was stolen.

2.   RECEIVING STOLEN GOODS—OFFENSE DISTINCT FROM LARCENY.

The offense of buying, receiving or concealing stolen goods is a distinct substantive offense, without reference to the offense of the person who stole the goods.

3.   RECEIVING STOLEN GOODS—FELONIOUS INTENT TO DEPRIVE OWNER OF HIS GOODS NECESSARY.

In the offense of buying or receiving stolen goods, there must be a felonious intent to deprive the true owner of his property in the goods.

4.   RECEIVING STOLEN GOODS—GUILTY KNOWLEDGE MAY BE SHOWN BY FACTS AND CIRCUMSTANCES.

On trial for buying, receiving or concealing stolen goods, guilty knowledge that the goods were stolen may be shown by facts and circumstances sufficient to satisfy the minds of the jury that the receiver of the goods had at the time of receiving them reasonable grounds for believing them to be stolen.

5. RECEIVING STOLEN GOODŚ—CIRCUMSTANCES MAKING ACCUSED BE-
LIEVE GOODS STOLEN ARE SUFFICIENT.

The guilty knowledge necessary to warrant a conviction for buying, re-
ceiving or concealing stolen goods need not be such knowledge as would be
acquired by seeing the goods stolen, and it is sufficient that the circumstances
accompanying the transaction were such as to make accused, or either of them,
believe the goods had been stolen.

6. RECEIVING STOLEN GOODS—PURCHASE FOR MUCH LESS THAN VALUE
AND IMMEDIATE RESALE CONTRARY TO STATUTE TO BE CONSIDERED.

On the trial of two persons for buying, receiving or concealing stolen goods,
evidence that one of the defendants purchased the goods at a price much be-
low their value, and that the other disposed of a part of them on the same day,
contrary to *Rev. Code* 1915, § 1205, requiring dealers in secondhand personal
property to retain possession for 30 days, while not in itself proof of guilt, is
proper for the consideration of the jury in determining whether defendants,
or either of them, had knowledge of the theft at the time the goods were
bought and received.

(*March* 6, 1919)

BOYCE, J., sitting.

*David J. Reinhardt,* Atty.-Gen., and *P. Warren Green*, Deputy
Atty.-Gen., for the State.

*Philip L. Garrett* for accused.

Court of General Sessions for New Castle County, March
Term, 1919.

INDICTMENT No. 86, March Term, 1919.

Morris Frankel and Isaac Rapoport were jointly indicted for
receiving stolen goods. The jury disagreed.

The state introduced evidence to show that the accused were
engaged as partners, in the city of Wilmington, as junk dealers;
that one Clarence Blanchfield, after ascertaining that the accused
bought secondhand furniture, represented to Rapoport, one of the
accused, that his (Blanchfield's) mother had recently died, and that
he had for sale, in a house out of Wilmington, which he would
point out, some secondhand furniture which had belonged to her;
that Rapoport, accompanied by Blanchfield, went in a wagon to a
temporarily unoccupied colonial house of a Mrs. Helen R. Brad-
ford, up a lane, off a public road leading from Wilmington; that
the two entered the house through a French window which open-
ed onto a side porch; that Rapoport offered, and Blanchfield ac-

cepted, $6 for all the furniture in the house; that one load of the furniture was thereupon removed from the house, hauled to and unloaded at the store of the two accused partners, in Wilmington, where Frankel, the other accused, first saw it; that Rapoport accompanied by Blanchfield, then returned to the house for another load, and while on the way out the lane with a second load they were stopped by a man who lived in the neighborhood and to whom, at that time, Blanchfield admitted his representation to Rapoport as to his ownership of the property was false, and the second load was returned to and placed in the house; that in the meantime a part of the furniture which had been delivered at the store was sold by Frankel, for $50, to an antique furniture dealer of Wilmington, from whom it was subsequently recovered.

The accused each denied guilty knowledge of the fact that the property was being stolen at the time it was purchased and taken from the house, and gave proof, without controverting testimony on the part of the state, that on the evening of the day the furniture was hauled from the house, Mrs. Bradford, the owner thereof, accompanied by a police officer, called upon them and made known to them that the property taken was hers, and that upon this information, the property sold to the antique furniture dealer was recovered, and that they returned to him the $50 which they had received from him for the furniture delivered to him.

The state requested the court to charge the jury as in *State v. Freedman*, 3 *Pennewill*, 403, 53 *Atl.* 356.

For the accused, Rapoli on Larceny and Kindred Offenses, § 311, was cited.

BOYCE, J., charging the jury in part:

The indictment in this case was found under *Rev. Code* 1915, § 4741, which is:

"Whoever shall buy, receive, or conceal, any money, goods, or other thing being the subject of larceny, which shall have been stolen, * * *knowing the same to have been stolen, * * * shall be deemed guilty of felony. * * * *"

The indictment contains three counts. The first charges that Morris Frankel and Isaac Rapoport, did, on the 25th day of Feb-

ruary of the present year, buy; the second, that they did receive; and the third, that they did conceal certain goods, the subject of larceny, the property of Mrs. Helen R. Bradford, knowing at the time the same to be stolen.

It is admitted that Frankel and Rapoport were, at the time of the alleged commission of the offense charged, partners engaged in the business of junk dealers; that Rapoport purchased from Clarence Blanchfield for the sum of $6 the articles of furniture in the house of Mrs. Bradford, a part of which laid in the indictment, were delivered at the place of business of the accused partners, Frankel being present at the time of the delivery thereof; that the property so received by them was stolen; and that Frankel sold a part of the property on the same day it was received into possession to an antique dealer for $50. But the accused each deny any knowledge that the goods did not belong to Blanchfield, or that they were buying or receiving stolen goods.

[1] In order to warrant a conviction of either, or both, of the accused persons, it is necessary for you to be satisfied from the evidence before you beyond a reasonable doubt, that the property bought and received by the accused was stolen, that it was the property of Mrs. Helen R. Bradford, as laid in the indictment, and that when the property was bought or received, either one or both of the accused persons knew it was stolen. *State v. Freedman*, 3 *Pennewill*, 403, 53 *Atl.* 356.

[2–4] The offense of buying, receiving or concealing stolen goods is a distinct, substantive offense without reference to the offense of the person who stole the goods. As in larceny so in the offense of buying or receiving stolen goods, there must be a felonious intent to deprive the true owner of his property in the goods. Guilty knowledge that the goods were stolen may be shown by facts and circumstances sufficient to satisfy the minds of the jury that the receiver of the goods had at the time of receiving them reasonable grounds for believing them to be stolen.

[5] The knowledge charged in the indictment, and necessary to warrant a conviction, need not be such knowledge as would be acquired if the accused or either of them, had actually seen the

goods stolen; it is sufficient if you find from the evidence beyond a reasonable doubt that the circumstances were such accompnying the transaction, as to make the accused, or either of them, believe that the goods bought and received had been stolen. *Regina v. White*, 1 *F. & F.* 665.

[6] Evidence satisfactory to the jury that one of the accused purchased the goods at a price much below their value, and that the other accused disposed of any part of them, on the day they were received, contrary to *Rev. Code* 1915, § 1205, providing that "no sale shall be made by any person, corporation or firm con-conducting the business of a junk dealer, of second-hand personal property in their possession, until after the expiration of thirty days from the time such second-hand personal property shall have come into the possession of such person, corporation or firm," while not in itself proof of guilt, nevertheless, such facts when proved are matters proper for the consideration of the jury in determining whether or not the accused, or either of them, had knowledge of the theft of the property at the time it was bought and received. * * *

If, after carefully considering the evidence, you are satisfied beyond a reasonable doubt that both persons charged are guilty, your verdict should be guilty as to each. You may find either or both guilty or not guilty, as you find the evidence warrants.

The jury disagreed.