STATE *v.* WALTER D. HOPKINS.

(*October* 17, 1933.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*P. Warren Green,* Attorney-General, and *Robert G. Houston,* Deputy Attorney-General, for the State.

*James M. Tunnell* for the defendant.

Court of Oyer and Terminer for Sussex County, Indictment for murder of the first degree, No. 49, October Term, 1933.

LAYTON, C. J., charged the jury, in part, as follows:

██ You will remember that the State produced a witness before you, one Lewis Smith, at whose testimony when given the State claimed surprise, and the State was allowed by the Court to cross-examine the witness, Smith, as a hostile or adverse witness. During the cross-examination thus conducted certain questions were asked the witness for the purpose of laying the ground to show that upon another occasion the witness had made statements contradictory to or inconsistent with the statements made by him on the witness stand, and the form of questions asked the witness tended to show the contents of such statements. In this connection we charge you that while it is proper to permit a party to cross-examine his own witness, on the ground of surprise, to show that such witness had theretofore made statements inconsistent with or contradictory to his testimony, as given on the witness stand, yet the effect of this is only to discredit the witness, and any contradictory or inconsistent statements alleged to have been made by such witness never can have the effect of affirmative or substantive evidence. 2 *Wig. on Evid.* (*1st Ed.*), §§ 902, 903; 6 *Jones on Evid.* (*2d Ed.*), § 2430; *State v. Wright*, 2 *Penn.* 228, 45 *A.* 395.

██ Moreover, in this case the State did not offer in evidence actual proof of any inconsistent or contradictory statements alleged to have been made by the witness, Smith, but contented itself with merely propounding the questions to the witness. Therefore, we say to you that you are not to regard or to consider in any manner, or in any degree, the questions propounded to the witness by the State, after claiming surprise, nor may you draw any inference of fact to the prejudice of the defendant from the form or contents of such questions or the answers given thereto.

Before proceeding to discuss, generally, the question of homicide we say to you that the failure or refusal of

the accused person to testify shall not be construed or commented upon as an indication of his guilt; and you are not, therefore, permitted to draw any inference of guilt arising from the failure of the accused to testify in this case.[1]

---

[1] This instruction was in accordance with a prayer to that effect by the defendant's attorney, based on *Section* 4215 of the *Revised Code* of 1915. For a thorough discussion of this question, see *Yale Law Journal, Vol.* 37, *No.* 7 (*May*, 1928) 955.