STATE OF DELAWARE v. BOYD BEAN.

(*May* 16, 1955.)

RICHARDS, P. J., sitting.

*Herbert L. Cobin,* Chief Deputy Attorney-General, and *Wilfred J. Smith, Jr.,* Deputy Attorney-General, for the State.

*Keil* and *Keil, John M. Bader* and *Harold Shaffer* for defendant in support of the motion.

Superior Court for New Castle County, No. 28, January Term, 1955.

RICHARDS, P. J.:

The material part of the indictment above referred to is substantially in the words of the statute providing that one who receives stolen goods is guilty of a felony and fixing the punishment therefor.

The sufficiency of an indictment for a statutory offense, and the right of the accused to be fully informed of the offense with

which he is charged with having committed in order that he may be able to prepare his defense, or plead a conviction or acquittal as a bar to a later prosecution for the same offense, was considered and determined by me in the recent case of *State v. Allen,* 10 *Terry* 150, 112 *A.* 2d 40. Further discussion of that question is unnecessary.

The crimes of larceny and of receiving stolen goods, knowing them to have been stolen, are separate and distinct offenses. Receiving stolen goods has been referred to as a sort of secondary crime based upon the prior commission of the primary crime of larceny. The elements of larceny are not elements of the crime of receiving stolen goods. In larceny it must appear that the defendant feloniously took the personal property of another with the intention to convert it to his own use and thus deprive the owner of its use. The purpose for which it was taken, however, may appear from all the facts and circumstances of the case. The crime of receiving stolen goods consists of either buying or receiving personal property with knowledge that it has been stolen. The gist of the offense is the purchase or recept of the stolen goods with knowledge that they have been stolen. *State v. Brady,* 237 *N. C.* 675, 75 *S. E.* 2d 791; *People v. Smith,* 26 *Cal.* 2d 854, 161 *P.* 2d 941; *State v. Wright,* 2 *Penn.* 228, 45 *A.* 395; *State v. Freedman,* 3 *Penn.* 403, 53 *A.* 356; *State v. Malvarosa,* 7 *Boyce* 451, 108 *A.* 95.

The indictment charges the defendant with the commission of a felony in violation of Title 11, Sec. 791 of the *Code of* 1953, which provides that any one who receives goods to the value of $100 or more, which have been stolen, knowing the same to have been stolen is guilty of a felony. The statute makes no mention of the intention of the person who receives the stolen goods and I can find no reason why it should appear in the indictment. It is not necessary in order to inform the defendant of the offense with which he is charged, or to enable him to plead a conviction or acquittal as a bar to a subsequent prosecution for the same offense.

I am aware of the fact that in the cases of *State v. Golt and McDermott*, 4 *Boyce* 545, 90 *A*. 83 and *State v. Frankel*, 1 *W. W. Harr*. 372, 114 *A*. 608, this Court charged the jury that in the offense of receiving stolen goods there must be a felonious intent to deprive the true owner of his property in the goods. These decisions, however, appear to me to be contrary to the weight of authority, and are in conflict with *State v. Wright, supra, State v. Freedman, supra*, and *State v. Malvarosa, supra*.

It seems to be unnecessary to consider the defendant's contention that the indictment fails to allege that he knew at the time of receiving the goods named therein that they were stolen goods; I say this because that fact appears to be clearly expressed in the indictment.

The contention that the indictment fails to name the owner of the goods received gives me more concern as there is not only a division of authority upon that question but it has been held in this State by this Court that ownership of the property received is a material element of the indictment.

It was the rule of the common law and many authorities in this country hold today that the owner's name is essential for identification in an indictment for receiving stolen goods. *Miller v. People*, 13 *Colo*. 166, 21 *P*. 1025; *People v. Nakutin*, 364 *Ill*. 563, 5 *N. E*. 2d 78; *State v. Pollock*, 105 *Mo. App*. 273, 79 *S. W*. 980; *State v. Moxley*, 41 *Mont*. 402, 110 *P*. 83; *State v. Wright, supra; State v. Freedman, supra; State v. Golt & McDermott, supra; State v. Malvarosa, supra; State v. Frankel, supra*. The following authorities hold that it is not necessary to name the owner of the goods in such an indictment. *State v. Cohen, Mo. Supp*., 1936, 100 *S. W*. 2d 544; *State v. Park*, 322 *Mo*. 69, 16 *S. W*. 2d 30; *State v. Brady, supra; People v. Marino*, 271 *N. Y*. 317, 3 *N. E*. 2d 439, 105 *A. L. R*. 1283; *Woodruff v. State*, 56 *Okl. Cr*. 409, 41 *P*. 2d 129; *Dixon v. State*, 223 *Ind*. 521, 62 *N. E*. 2d 629; *People v. Smith*, 26 *Cal*. 2d 854, 161 *P*. 2d 941.

It was said in the case of *State v. Bading*, 236 *Iowa* 468, 17 *N. W*. 2d 804:

"The reason for alleging ownership in the indictment is to negative ownership in the accused."

It must be conceded that cases might arise in a charge of receiving stolen goods in which it would be necessary to state the owner of the goods in the indictment in order to sufficiently identify them; but that course hardly seems necessary in a case like the present one where the goods are described in the indictment as "a platinum bracelet set with forty-five diamonds".

If it were not for the cases of *State v. Wright supra, State v. Freedman, supra,* and *State v. Malvarosa, supra,* in which this Court charged the jury that the name of the owner of the goods was an essential part of the indictment, I would have no difficulty in holding that the goods which the defendant is charged with having received were sufficiently identified in the indictment.

The ruling in the above cases was made by the Court before the adoption of Rule 7(c) of the Superior Court Rules of Criminal Procedure, *Del. C. Ann.,* which provides that "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." It is also a fact that in each of the cases the name of the owner of the goods was alleged in the indictment. I consider them controlling in this case, however, and must hold that the indictment is not sufficient because of its failure to state the owner of the goods received.

The motion to quash the indictment is granted.