Argued December 20, 1973, reversed and remanded
February 11, 1974

STATE OF OREGON, *Respondent, v.* DAVID
WILLIAM ROBERTS (No. C 73-05-1330), *Appellant.*

519 P2d 380

*Stephen Kanter,* Portland, argued the cause and
filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant was convicted of possession of a stolen vehicle, ORS 481.990 (6),[1] and appeals. When arrested defendant was alone in a vehicle which had been missing for no more than three hours. He was found four blocks from the parking lot from which the vehicle had been taken. After his arrest and after receiving his *Miranda* warning (*Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966)), in response to the question, " 'Did you steal the car?,' " defendant, among other things, told the police, " 'Yes I did, but you will never be able to prove it.' " Several assignments of error were made. Only one merits discussion. It relates to the adequacy of the instruction defining "stolen vehicle" given the jury:

> "It is a crime in Oregon for any person to have in his possession any motor vehicle which he knows to have been stolen and who is not an officer of law engaged at the time in the performance of his duty.
>
> "The term 'stolen' mentioned in the indictment means that property was taken from the possession of the owner unlawfully, and against his will, that is, by larceny. It is not necessary that the State

---

[1] ORS 481.990 (6) provides:

"Any person who * * * has in his possession any vehicle which he knows, or has reason to believe, has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, shall be deemed guilty of a felony * * *."

show who is the thief, or that the State know such fact."

■ ■ We construe the term "stolen vehicle" in present ORS 481.990 (6) to mean vehicles that have been the subject of "theft." ORS 164.015. *Cf. State v. Stuart,* 250 Or 303, 442 P2d 231 (1968); *State v. Jim/White,* 13 Or App 201, 508 P2d 462, Sup Ct *review denied* (1973). The state must also prove that defendant had knowledge the vehicle was the subject of theft. *State v. Thomas,* 13 Or App 164, 170-71, 509 P2d 446 (1973). One element of the crime of theft is that the act must be accomplished with the "intent to deprive another of property or to appropriate property to himself or to a third person * * *." ORS 164.015. These terms are further defined in ORS 164.005 (1) and (2).

Given our construction of ORS 481.990 (6) that "stolen vehicle" means a vehicle that has been the subject of "theft," it was necessary for the jury to find the fact that someone had committed "theft" of the automobile in order to convict defendant of "possession of a stolen vehicle."

■ The instruction given by the court, quoted above, was not a correct statement of the law. A vehicle that is taken from the "possession of the owner unlawfully, and against his will,"—which was the definition in the trial court's instruction—could be a vehicle taken in violation of ORS 164.135② as well as one taken by larceny (theft). The distinction between the two

② ORS 164.135 provides:
"(1) A person commits the crime of unauthorized use of a vehicle when:
"(a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner; or
"* * * * *."

crimes lies in the intent of the taker.[9] Simply adding "that is, by larceny" does not explain to the jury this refinement. The court's instruction makes no reference to intent.

---

[9] ORS 481.990 (6) provides for a maximum penalty of ten years' imprisonment and $1,000 fine. The penalty is the equivalent of that of a Class B felony. ORS 161.605 (2). It was first enacted in 1927. General Laws of Oregon 1927, ch 364, § 3. It has since been re-enacted without substantial change several times, the latest re-enactment occurring in 1973. Oregon Laws 1973, ch 811, § 10.

Prior to 1971, taking or using a vehicle "without intent to steal" was a separate offense. Former ORS 164.670 (1) (General Laws of Oregon 1911, ch 174, § 24).

In 1971 the Oregon Criminal Code was substantially revised. Oregon Laws 1971, ch 743. The former separate crimes of larceny, ORS 164.310; embezzlement, ORS 165.005, 165.010; false pretenses, ORS 165.205; and buying, receiving or concealing stolen property, ORS 165.045, were abolished and replaced by the single crime of theft, ORS 164.015 et seq. Cf. State v. Jim/White, 13 Or App 201, 508 P2d 462, Sup Ct review denied (1973). In addition, the "joy-riding" statute, former ORS 164.670, was repealed and replaced by ORS 164.135.

ORS 481.990 (6) was left untouched by the 1971 legislature and, as above noted, was re-enacted in 1973 (Oregon Laws 1973, ch 811, § 10). The 1971 legislature, while leaving ORS 481.990 (6) alone (including the penalty), cut the maximum penalty for all forms of theft from ten years to five years by making all of them Class C felonies. At the same time it raised the maximum penalty under the new unauthorized use statute from two years to five years.

The end result of the present statutory scheme is that "theft" of a vehicle may be deemed the equivalent of a Class B felony, and this result obtains regardless of the vehicle's value. Theft, as a Class C felony, must be of property worth more than $200. From the legislative history of the 1971 Oregon Criminal Code it is hard to tell whether the legislature was aware of this result. It is also interesting to note that even if ORS 481.990 (6) did not exist, a convicted defendant could be sentenced for up to five years in prison for "joy-riding" in a vehicle worth less than $200 (ORS 164.135), but convicted only of a Class A misdemeanor (ORS 164.045), carrying a maximum sentence of one year's imprisonment (ORS 161.615), for stealing the same vehicle.

Regardless, prosecutors would be more likely to avoid the problems raised in this case were they to bring taking-of-vehicle cases, except those involving dealing and trafficking in stolen vehicles, under ORS 164.135. Cf. State v. Stuart, 250 Or 303, 307, 442 P2d 231 (1968).

Defendant requested the following instruction:

"I instruct you that the words 'stolen motor vehicle' as I have used them in my previous instructions mean that a vehicle has been taken from its rightful owner without his consent and also that the individual or individuals taking the motor vehicle have the specific intent of depriving the lawful owner of his property permanently. Therefore, for example, an individual who takes or uses a vehicle temporarily without the owner's consent but who does not intend to permanently deprive the owner of that vehicle has not committed 'theft of that vehicle' and the said vehicle is not a 'stolen motor vehicle' as used by me in my previous instructions."

The requested instruction misstates in a minor way the intent required for the commission of "theft." See the definitions of "deprive" and "appropriate" in ORS 164.005 (1) and (2). It comes closer, however, than did the instruction given to defining the essential element of intent that distinguishes "theft" from "unauthorized use." Defendant took proper exception to the giving of the court's instruction and informed the court of the basis therefor. The jury should have been instructed on the elements of "theft."

Reversed and remanded.