**STATE of Delaware**

**v.**

**Larry SHAHAN et al., Defendants.**

Superior Court of Delaware,
New Castle.

March 18, 1975.

Jeffrey M. Weiner, former State Prosecutor, Wilmington, for the State of Delaware.

John A. Rich, Wilmington, for defendants Shahan, DeRose, and Downes.

Arlen B. Mekler, Wilmington, for defendant DeLorenzo.

Edward Z. Sobocinski, Wilmington, for defendant Newman.

Karl J. Parrish, Wilmington, for defendant Barczak.

Jay P. James, Wilmington, for defendants Valente and DiSabatino.

Joseph W. Benson, Wilmington, for defendants Domino, Galasso and Testa.

Joel D. Tenenbaum, Wilmington, for defendants Allmond, Hoilman and Brown.

David Snellenburg, Wilmington, for defendant Clifton.

Emmett J. Conte, Jr., Wilmington, for defendant Hemric.

Francis J. Trzuskowski, Wilmington, for defendant Estep.

G. Thomas Sandbach, Wilmington, for defendants Rosario and Anthony Fusco.

Joseph J. Farnan, Wilmington, for defendant George Brittingham.

James A. Walsh, Jr. Wilmington, for defendant Chickadel.

Dennis A. Reardon, Wilmington, for defendant Beal.

Daniel A. Durkin, Wilmington, for defendant Lamplugh.

Arthur Inden, Wilmington, for defendant Rappa.

Wilfred J. Smith, Jr., Wilmington, for defendants O'Hanlon and Smith.

## OPINION ON DEFENDANTS' MOTIONS TO DISMISS

TAYLOR, Judge.

Each of the defendants has been indicted on a charge of receiving stolen goods in violation of Title II, Section 851 of the Delaware Code. Each indictment charges a defendant with having intentionally received property of the State of Delaware with intent to deprive the owner of it, believing that it was acquired under circumstances amounting to theft. Each defendant has moved to dismiss the indictment.

In order to clarify the issue involved in the indictment, the Attorney General was permitted to file an affidavit setting forth clarifying facts underlying the charge. The facts are that the State acquired certain items of property and an undercover agent of the State undertook to sell them upon the representation that the items were stolen, although the items were not in fact stolen. The defendants purchased the items from the undercover agent under the above-stated circumstances. The items were not contraband items whose mere possession or ownership is outlawed.

Title II, Section 851 provides:

"A person is guilty of receiving stolen property if he intentionally receives, retains, or disposes of property of another person with intent to deprive the owner of it or to appropriate it, knowing that it has been acquired under circumstances amounting to theft, or believing that it has been so acquired."

Under the statute, the State must charge and prove that the defendants (1) intentionally (2) received (3) property (4) of another person (5) with intent to deprive the owner of it, and (6) believing that it has been acquired under circumstances amounting to theft. Each indictment charges all of the enumerated elements and specifies the property that was received and that it was the property of the State of Delaware.

A requirement is that the defendant received "property of another person". The indictment specifies that it was the property of the State of Delaware. It must be assumed that this was alleged in compliance with the Delaware Criminal Code which contains rather precise definitions for various words and phrases as used in the Code. 11 Del.C. § 857 contains certain definitions which are made specifically applicable to Sections 841 through 856 of the Code. The definition for the phrase "property of another person" is as follows:

"(5) 'Property of another person' includes property in which any person other than the defendant has an interest which the defendant is not privileged to infringe, regardless of the fact that the defendant also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband."

It is noted that this definition contemplates that in order to constitute property of another person there must be "an interest which the defendant is not privileged to infringe". Nowhere in the Code is this quoted phrase defined. A review of the context in which the defined phrase "property of another person" is used is useful in assigning a meaning to the last quoted undefined phrase. The phrase "property of another person" is used extensively throughout the Theft sections of the Code. See 11 Del.C. §§ 841, 842, 843, 844, and 851. Certain definitions found in § 857, which are applicable to the Theft sections also contain that phrase. "Deprive" is defined as the withholding of property of another person. "Appropriate" means the exercise of control over property of another person.

The definition of theft, found in 11 Del. C. § 841, is as follows:

"A person is guilty of theft when he takes, exercises control over or obtains property of another person intending to deprive him of it or appropriate it."

Under § 841, theft is committed when one (1) takes, exercises control over or obtains (2) property of another person (3) intending to (4a) deprive him of it or (4b) appropriate it.

■ Two observations in the commentary on the Code provision of § 841 are helpful. The first is: "The problem seems at first blush a simple one: We want to punish anyone who has unlawfully acquired property which doesn't belong to him and to which he has no right." Later, discussing the applicability of the word

"deprive", the commentary states: "Note that there is no requirement that the actor gain anything for himself or for another, but only that he withhold benefit from the person who is entitled to it." Thus, inherent in the variations of the crime of theft is the concept that there be no outstanding property rights which defendant had not validly acquired by voluntary act of the rightful owner free of fraud on the part of the recipient.

■ A review of the evolutionary development of the concepts of theft and receiving stolen property is of use here. The commentary following 11 Del.C. § 841 points out that the basic forerunner of theft, the charge of larceny, consisted of taking and carrying away, without the consent of the owner, anything capable of being stolen, *without any claim of right* and with intent, at the time of the taking, permanently to deprive the owner thereof. The common law contained a number of crimes involving variations of this concept. As pointed out in the comment, the underlying philosophy was to punish wrongful having of property which the defendant had no right to have. The related common law crime of receiving stolen property required that the goods be stolen, that the defendant have known them to be stolen and that he received them with intent to deprive the owner of the goods.

The Model Penal Code from which many of the provisions of the Delaware Criminal Code were drawn, undertook to combine under the heading of "theft" the variations of larceny and embezzlement. The concise definition of the crime of theft appearing in 11 Del.C. § 841 is found in substantially similar language in § 206.1 of draft number one of the Model Penal Code. In that section is a definition of the phrase "of another" when used in conjunction with the word "property". The definition refers to "interest in the property which the actor is not privileged to infringe". It is noted that the quoted phrase, with the substitution of the word "actor" for the word "defendant" is substantially the same as that used for the definition of "property of another person" in 11 Del.C. § 857. The draftsman's comment concerning that section of the draft cites and quotes the Draft Wisconsin Criminal Code, which provided:

> "Property of another means property in which a person other than the actor has a legal interest which the actor has no right to defeat or impair . . ."

The last phrase of the quoted definition from Wisconsin may be of use in defining the phrase "not privileged to infringe".[1]

■ In § 206.8 of that draft of the Model Penal Code, the refinement of the old crime of receiving stolen goods was given the title "theft by receiving" and an element of the crime by receiving was the receiving of stolen moveable property. In the 1962 draft of the Model Penal Code, § 223.0 set forth various definitions including that of the phrase "property of another", which used the same language found in 11 Del.C. § 857. The definition of theft found in § 223.2[2] and that in 11 Del.C. § 841[3] have many similarities, including the phrase "property of another". Under the caption

---

1. The introduction to subpart D of the Delaware Criminal Code dealing with theft and related offenses cites the Wisconsin statute for its achievement in clarification or simplification of the law in this field.

2. "Section 223.2. Theft by Unlawful Taking or Disposition.
   (1) *Moveable Property*. A person is guilty of theft if he takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.

   (2) *Immovable Property*. A person is guilty of the 't if he unlawfully transfers immovable property of another or any interest therein with purpose to benefit himself or another not entitled thereto."

3. "§ 841. Theft.
   A person is guilty of theft when he takes, exercises control over or obtains property of another person intending to deprive him of it or appropriate it."

"receiving stolen property" in § 223.6,[4] the language is substantially similar to that of 11 Del.C. § 851, with the exception that the Model Penal Code uses the phrase "[a] person is guilty of theft", while § 851[5] uses the phrase "[a] person is guilty of receiving stolen property". An examination of the commentaries following the sections fails to note any expressed intent on the part of the draftsman to depart from the concept both in the charge of theft and in the charge of receiving stolen property of the requirement that the subject matter be property that the defendant had no right to. I conclude that in their search for verbal simplification, the draftsman embodied in the phrase "property of another", which frequently appears in these sections of the Code, the concept that the property or right be something to which the defendant had no right.

■■■ The problem of isolating the innocent receiver of stolen goods has always been a major concern in the definition of this crime. Historically, it was required to be proved that the recipient knew that the goods were stolen. The historic requirement of knowledge has been relaxed in modern times by providing for a presumption of knowledge, or, as in the Delaware Criminal Code, permitting the showing of a belief on the part of the receiver that the goods had been acquired by theft. It is clear from the commentary following 11 Del.C. § 851 that the objective was to permit the belief of the recipient to be a substitute for actual knowledge that the goods were stolen. Nothing in this commentary or in the commentaries included in the drafts of the Model Penal Code indicate an intent to dispense with the requirement that the goods be stolen in order for the crime to be committed regardless of the belief of the recipient. This is also consistent with the retention of the traditional name for the crime, namely, "receiving stolen property". The fact that it is used twice in the section is some indication that the legislature intended the section to deal with "stolen property", and tends to support the conclusion reached above.

Several states have adopted statutes under the caption of receiving stolen property which have used abbreviated language omitting specific reference to the requirement that the goods be stolen. In the case of the Ohio statute, § 2913.51(A) of the Ohio Revised Code, the legislative note following the amended statute, after discussing the intended changes in the statute, ends with the language "Under this section, any theft offense can be the means by which the property was acquired." The Oregon Criminal Code adopted in 1971 contained the abbreviated language similar to the Model Penal Code, ORS 164.095, departing from the earlier statute which referred specifically to stolen property. The Oregon Court of Appeals in State v. Thomas, 13 Or.App. 164, 509 P.2d 446, 449 (1973), after discussing the substitution of "knowledge" for "belief", stated that the new statute "imposes the same requirements for conviction as did its predecessor". A companion statute dealing with receiving stolen motor vehicles, which also omitted the specific requirement that the vehicle had been stolen, was held by the Oregon Court of Appeals in State v. Roberts, Or.App., 519 P.2d 380 (1974) to require that the vehicle had been the subject of larceny or theft. A receiving stolen property statute in Alabama, § 338, Title 14, Code of Alabama, which omits the specific requirement that the property be stolen, has been held to require as an element

4. "Section 223.6. Receiving Stolen Property.
(1) *Receiving*. A person is guilty of theft if he receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with purpose to restore it to the owner."

5. "§ 851. Receiving Stolen Property.
A person is guilty of receiving stolen property if he intentionally receives, retains, or disposes of property of another person with intent to deprive the owner of it or to appropriate it, knowing that it has been acquired under circumstances amounting to theft, or believing that it has been so acquired."

of the crime that the property in fact had been stolen. Farzley v. State, 231 Ala. 60, 163 So. 394 (1935); Johnson v. State, 41 Ala.App. 351, 132 So.2d 485 (1961); Bills v. State, 49 Ala.App. 726, 275 So.2d 706 (1973).

■ Based on the foregoing, I conclude that under 11 Del.C. § 851 a necessary element of the crime is that someone other than the defendant have an interest in the property which the defendant was not privileged to infringe. In view of the relative factual simplicity presented, it is sufficient to say that the requirement of the statute is that at the time of the receipt of the property by defendant, someone other than the defendant must have had an interest in the property.

■ I conclude that the legislature has not expanded the crime of receiving stolen property to include the receipt of property which one has acquired by purchase from the owner (not induced by the purchaser's fraud) even though the purchaser believed that the property was stolen and that he was not purchasing it from the owner.

■ Since the parties have dealt extensively with the merits of the case, greatly beyond the indictment, the Court observes that if, as appears, the State of Delaware was the sole owner of the property at the time of the purchase by defendant took place and that the sale of the property was authorized and intended by the State, that the purchase was upon the State's own terms, and that the physical possession of the property occurred at the time full payment was made by defendant to the State's agent, the only person having an interest in the property at the time of defendant's receipt of the property would be defendant. 6 Del.C. § 2–401.

■ A motion to dismiss is concerned with the sufficiency of the indictment on its face. For purpose of these motions to dismiss, it is sufficient to hold that the indictments on their face meet the requirements of the law. The indictments allege that the property which defendants received was property of the State of Delaware. This is a sufficient allegation under § 851. The Court cannot on these motions rule upon the sufficiency of the Attorney General's proof.

In view of the Court's ruling with respect to the requirements of 11 Del.C. § 851, it is not necessary to discuss certain issues raised by defendants.

Next, the Court has, at the Attorney General's request, permitted a further issue to be raised and briefed. The issue is whether the existing indictments are sufficient to support prosecution on a charge of attempt to receive stolen property.

Defendants argue that if the prosecution's evidentiary case is known at the pre-trial stage to be inadequate to establish a charge of receiving stolen property, the prosecution cannot proceed under that indictment to prove a case of attempt to receive stolen property. In opposition to this contention, the Attorney General relies upon 11 Del.C. § 206(b)(2), which permits a defendant to be convicted of an attempt to commit the offense charged in the indictment. The attempt issue arises because the State contends that under 11 Del.C. § 531(1) a person may be guilty of attempt where his conduct is such that it would have constituted a crime if the attendant circumstances had been as defendant believed them to be. Applying that position to the facts as asserted by the prosecution, it contends that if the items had been stolen, as defendants believed, the conduct of defendants would have constituted the crime of receiving stolen property. Hence, says the prosecution, the requisites for the crime of attempt to receive stolen property are present.

Defendants have not cited any authority for the proposition that in ruling upon the sufficiency of an indictment the Court should pre-judge the State's evidence to

determine whether the evidence would fairly support the indictment.

In determining the sufficiency of an indictment, the Court should consider whether the indictment informs the defendant of the charge with sufficient particularity to permit him to prepare his defense properly. Pepe v. State, Del.Supr., 3 Storey 417, 171 A.2d 216 (1961). The indictment asserts that the property was that of the State. If the proof fails in this respect and it appears at trial that the property belonged to defendant at the time he received it, the remaining allegations which the indictment charges are that defendant received property with intent to deprive the owner of it, believing that it was acquired under circumstances amounting to theft. Applying the requirements of attempt, § 531(1), to the requirements of the crime of receiving stolen property, it appears that the charged conduct of receiving property with intent to deprive the owner of it, believing that it was acquired under circumstances amounting to theft, is sufficient allegation for the attempt charge because the only additional requirement is that the crime of receiving stolen property would have been committed if the circumstances had been as it is charged that defendant believed, namely, that the property of the State of Delaware had been acquired under circumstances amounting to theft.

Every defendant is on notice under 11 Del.C. § 206(b)(2) that under a charge referring to a crime, the evidence presented may result in conviction of an attempt to commit the crime.

I conclude that the form of the indictment does not preclude the prosecution from presenting evidence of an attempt to commit the crime of receiving stolen property as the latter is alleged in the indictment. In these cases, in view of the uncertainty of the requirements of § 851, there is no doubt that the Attorney General proceeded in professional good faith in obtaining these indictments. Accordingly, against the background of these cases, the Attorney General may proceed on the attempt theory.

The indictment charges that the property which defendant received was property of the State of Delaware. This Court has held that the name of the owner of the property must be set forth in an indictment charging the crime of receiving stolen property. State v. Bean, Del.Super., 10 Terry 247, 113 A.2d 875 (1955). Thus, in proceeding under this indictment to try a defendant for attempting to receive stolen property, the proof must be that defendant engaged in conduct which, if the circumstances had been as defendant believed them to be, would have constituted the receiving to property of the State of Delaware with intent to deprive the owner of the property, believing that it was acquired under circumstances amounting to theft.

The Court has not been furnished with sufficient details of the negotiations and consummation of the sale to defendant to permit further comment. It is not necessary here to consider what conduct on the part of defendant is required or whether all of the facts and circumstances as alleged in the indictment must have been believed by defendant in order to invoke § 531.

Accordingly, each of defendants' motions to dismiss must be denied.

It is so ordered.